[No. 14079.   In Bank. — February 27, 1891.]

JAMES WHOLEY, APPELLANT, *v.* JOSEPH CAVA-NAUGH, RESPONDENT.

DEED — QUITCLAIM — OPERATIVE WORDS. — The usual operative words of a quitclaim deed are " remise, release, and quitclaim." But all of these are not essential. The words "hath and hereby doth release and forever quitclaim" are sufficient to constitute a quitclaim deed.

DEED — QUITCLAIM — EFFECT — TITLE. — A quitclaim deed passes whatever title the grantor has at the date of its execution.

DEED — QUITCLAIM — EFFECT — COVENANT OF FURTHER ASSURANCE. — The effect of a quitclaim deed in passing the title is not destroyed by a covenant of further assurance inserted therein. Instance.

DEED — QUITCLAIM — EFFECT — SCHOOL-LAND — CERTIFICATE OF PURCHASE — PATENT — RELATION BACK — AFTER-ACQUIRED TITLE. — While a quitclaim deed does not ordinarily pass an after-acquired title, yet when the holder of a certificate of purchase, on which twenty per cent has been paid, makes a quitclaim deed of his interest in the land, and subsequently obtains a patent, the title conveyed by the patent relates back to the inception of the proceedings, and in this way passes to the grantee in the quitclaim deed without any subsequent conveyance from the patentee.

APPEAL from a judgment of the Superior Court of Siskiyou County.

The facts are stated in the opinion.

*James F. Farraher*, for Appellant.

The legal title remained in the state until the issuance of the patent, and the deed from the patentee vested the legal title in the appellant. (*O'Connell* v. *Dougherty*, 32 Cal. 462; *Hartley* v. *Brown*, 51 Cal. 467; *Manly* v. *Howlett*, 55 Cal. 94; *People* v. *Center*, 66 Cal. 558; *Hilton* v. *Young*, 73 Cal. 196.) The instrument designated "agreement for a deed" was intended as a mere executory contract, and was not an absolute conveyance of the legal title. (Bingham on Executory Contracts, 25; *Dreisbach* v. *Serfass*, 126 Pa. St. 32; *Ellis* v. *Jeans*, 7 Cal. 410; *Walker* v. *Douglas*, 70 Ill. 445; *Bean* v. *Atwater*, 4 Conn. 3; 10 Am. Dec. 91; *Ogden* v. *Brown*, 33 Pa. St. 247; *Bradwell* v. *Raines*, 34 La. Ann. 680.)

*H. B. Gillis*, and *H. B. Warren*, for Respondent.

The so-called "agreement for a deed" was a deed *in præsenti*, and conveyed all the interest held by the grantor under the certificate of purchase from the state, and the title afterwards acquired under the patent. (*Stanway* v. *Rubio*, 51 Cal. 41; *Crane* v. *Salmon*, 41 Cal. 63; *Thompson* v. *Spencer*, 50 Cal. 532.) The conditions in the deed were only covenants for further assurance. (*Smith* v. *Brannan*, 13 Cal. 114; *Holliday* v. *West*, 6 Cal. 528.)

HAYNE, C. — Ejectment. Judgment for defendant. Plaintiff appeals.

Both parties claim through one Whitmire. In 1860, Whitmire, who then had only a school-land certificate of purchase upon which twenty per cent of the price had been paid, executed to one Coats an instrument, which is considered below, and Coats subsequently conveyed to the defendant. In 1878 the state issued a patent to Whitmire, who, in 1884, made a deed to the plaintiff.

The plaintiff's position is, that prior to the issuance of the patent, Whitmire had merely an interest which, while regarded as the legal title as against third persons, was not so regarded as against the state; that the legal title remained in the state until the issuance of the patent in 1878; that the instrument executed to Coats in 1860 was not a present conveyance, but only an agreement for a deed, and therefore did not pass the after-acquired title, or any title; that after receiving the legal title, Whitmire did not convey it to the defendant, but conveyed it to the plaintiff, and that since the plaintiff has the legal title, he must prevail in ejectment.

From this it is obvious that it is necessary to consider the effect of the instrument executed by Whitmire to Coats. The heading of this document in the transcript is "Agreement for a deed." But it does not appear that the instrument itself was so called. It seems to be a mere characterization by the person who made the record on appeal. But even if it were indorsed upon the document itself, it is clearly not a part of the instrument, and consequently would not affect its character.

The material portions of the instrument are as follows: "This agreement, made and entered into this first day of November, 1860, by and between T. S. Whitmire, of Shasta Valley, in the county of Siskiyou, state of California, the party of the first part, and Silas D. Coats, of the same place, the party of the second part, witnesseth that the said party of the first part, for and in consideration of the sum of one dollar to him in hand paid by the said party of the second part, *hath and hereby doth release and forever quitclaim* unto the said party of the second part, and to his heirs and assigns and legal representatives, all that certain piece or parcel of land" (describing it).

If there were nothing else in the instrument we think it clear that it would amount to a quitclaim deed. The operative words of such a deed are, ordinarily, "remise,

release, and quitclaim"; but the omission of the first word is not material. The words "release and forever quitclaim" are sufficient. And it is settled that a quitclaim deed conveys whatever title the grantor has. (*Lawrence* v. *Ballou,* 37 Cal. 518; *Rego* v. *Van Pelt,* 65 Cal. 254.)

The appellant contends, however, that the effect of the instrument as a conveyance *in præsenti* is destroyed by the following clause, viz.: "To have and to hold the same forever, subject to the following covenants, conditions, and agreements, to wit: The said party of the first part, for himself, his heirs and legal representatives, agrees to and with the said party of the second part, his heirs and legal representatives, to proceed and perfect his title to said granted section which he has now commenced under the school laws of California, as fast as said laws shall or may require, until his title thus commenced shall become perfect to an inheritance and unencumbered freehold therein, and upon the acquisition of said estate in said lands, the party of the first part, for himself, his heirs and legal representatives, covenants and agrees to and with the said party of the second part, his heirs, assigns, and legal representatives, to make out, sign, seal, execute, acknowledge, and deliver to the said party of the second part, his heirs, assigns, and legal representatives, a good and sufficient deed, conveying said estate of inheritance free of encumbrance to so much of said quarter-section above described, to the said party of the second part, his heirs, assigns, and legal representatives, the same to become operative upon the said party of the second part, or his legal representatives, paying or causing to be paid to the said party of the first part, or his legal representatives, within ten days thereafter, the sum of one hundred dollars."

This, we think, is a covenant of further assurance, and does not impair the words of conveyance first quoted.

The instrument was therefore a quitclaim deed, and operated as a present transfer of whatever interest the grantor then had. It is true that he did not then have the legal title as against the state, and that he did not make a deed to Coats or his grantee, after obtaining the patent, as his covenant bound him to do. But if his deed operated to pass the after-acquired title, no further assurance was necessary, and we think it so operated. As a general rule, a quitclaim deed does not have this effect. But it must be held to have this effect in this case, upon the authority of *Stanway* v. *Rubio*, 51 Cal. 41; which proceeds upon the ground that the title transferred by the patent relates back to the initiation of the proceedings to acquire the government title, and consequently inures to the benefit of the person to whom the holder of the certificate of purchase conveyed.

If the plaintiff has any equitable rights, he cannot maintain them upon a simple complaint in ejectment.

We therefore advise that the judgment be affirmed.

BELCHER, C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.

Rehearing denied.