KELLY-GOODFELLOW SHOE COMPANY v. W. N. TODD.

1. CIVIL ACTION—*Commenced, When.*    In this territory a civil action is commenced by "filing in the office of the clerk of the proper court a petition and causing a summons to be issued thereon," and the plaintiff is entitled, in an action in replevin, to institute his claim for immediate delivery of the property, and such action for replevin is "commenced" for the purpose of prosecuting such claim, although the plaintiff does not follow up his endeavor to procure service by "the first publication or a service of summons within sixty days." unless such failure to procure service or make publication within sixty days from the filing of the petition is plead as a bar to an action, under the statutes of limitations, art. 3, § 20, of the code of civil procedure.

2. REPLEVIN—*Appearance of Defendant—Jurisdiction.*    In an action in replevin, if the defendant is found in another county than that in which the action is brought, but yet appears, generally, to the action by filing his

answer, in which ownership and possession are alleged, and in which the jurisdiction of the court is questioned and denied, such an appearance is a general appearance for all purposes, and it is error in the court thereupon, to confine the taking of testimony to the mere value of the property, and to direct the jury to return a verdict in favor of such defendant for the value of the property and damages. In such a case, evidence upon all the issues properly raised in the pleadings, and relevant and necessary to a determination of the whole case upon its merits, should be heard, and the case given to the jury to determine upon.

*Error from the District Court of Lincoln County.*

### STATEMENT OF FACTS.

This was an action in replevin brought December 18, 1893, in the district court of Lincoln county, against W. N. Todd, and was for the recovery of a stock of shoes. Summons was issued and served "by leaving a certified copy with one, J. C. Simpson, found in charge of the goods replevined in this action." The order in replevin was issued at the same time and executed by the sheriff, by taking possession of the goods and by delivering a true copy of the same to the said Simpson, "whom I found in charge of the goods." On February 10, 1894, the defendant, Todd, entered a special appearance, and moved the court, supported by affidavit, to quash the service and dismiss the action, for that he was a resident of Logan county, and no process was served upon him in Lincoln county. On the same day the court sustained that part of the motion going to quash the service, the plaintiff excepting. The cause was not dismissed, nor did the defendant except to the action of the court in refusing to dismiss it.

The petition was the ordinary petition in replevin, alleging ownership in the plaintiff, describing the goods, averring that the plaintiff was entitled to immediate possession; that the property was wrongfully detained; that it was not taken in execution, etc., alleging the total

value at $1,106.85, and demanding possession and damages. On June 4, 1894, and before answer, the plaintiff filed an amended petition making as new parties thereto, W. P. Simpson, J. C. Simpson and W. H. Fallis, in addition to the defendant, Todd.

Todd was served with summons to answer the amended petition in Logan county on June 14, 1894. Fallis and J. C. Simpson were serverd in Lincoln county on June 9. W. P. Simpson was not found.

The amended petition, alleged generally, the usual grounds for replevin, describing "the stock of shoes more porticularly described in the original petition herein filed," which was referred to for greater certainty of description. It was alleged that the defendant obtained possession of the goods in question by fraud; that W. P. Simpson had made purchases of them from the plaintiff company in the city of St. Louis, by fraudulent representations of his worth and business standing, upon an agreement to pay cash therefor; that the defendant, Todd, and the other defendants, conspired with the said W. P. Simpson to procure the fraudulent and wrongful possession of the stock of shoes, obtained possession thereof, and wrongfully smuggled and removed them to a remote and out of the way village known as Mission, in the county of Lincoln, Territory of Oklahoma.

On July 7, 1894, the defendant, Todd, appeared specially "for the purpose only of testing the jurisdiction of the court, and moved to quash the summons and service," setting up that he was, at the beginning of the action, a resident of Logan county, never a resident of Lincoln county, where this action was brought, and never had service of summons upon him in Lincoln county, but was served with copy of the summons in Logan county, and supporting his motion by affidavit.

A demurrer to the amended petition was filed on the 7th day of July by W. H. Fallis, that it did not state facts sufficient to constitute a cause of action, as to him. Therefore, and on the 12th of November, the court sustained the demurrer and granted plaintiff leave to amend his petition instanter, which was done.

On the same day, the motion of the defendant, Todd, to quash the service was overruled, to which the defendant excepted, "and defendants were required to answer within thirty days from this date."

Thereupon, and on December 10, 1894, the defendant, Todd, appeared generally to the action, and answered, denying the allegations of the amended petition concerning him, except the allegation that at the beginning of the action he was in possession of the personal property in question, alleging that he was the legal owner thereof, and entitled to remain in possession; that the goods had been wrongfully and unlawfully seized and taken from him forcibly; that they were reasonably worth the sum of nine hundred and sixty dollars; that he had been damaged to the extent of five hundred dollars, and praying for judgment.

On April 24, 1895, the defendant, Fallis, asked for and obtained judgment for costs upon the pleadings, the plaintiff excepting.

At the same time the defendant, J. C. Simpson, appeared specially and moved to quash the service upon him, showing by affidavit that he was not in Oklahoma at the time the sheriff's return showed that he was in Lincoln county. His motion was sustained, plaintiff excepting.

A jury was empanelled and the cause proceeded to trial. After oral testimony was taken, the writs, return,

invoice, etc., were offered in evidence and excluded by the court, the plaintiff excepting.

The court sustained an objection of the defendant upon the ground that, "the return upon its face does not show that the court at the time the return purports to have been made, had jurisdiction of the defendant in this case, or that the defendant was in court at the time, and the return upon its face does not show that the property was held by the sheriff until such time as the court should obtain jurisdiction of the defendant in this case, and that the return is void as against the defendant, W. N. Todd." And the court excluded all testimony except as to the value of the goods in question and "directed the jury to return a verdict for defendant," fixing the value of the goods at nine hundred dollars, and damages for the unlawful detention thereof at eighty-four dollars and seventy-five cents, which direction was at the time excepted to by the plaintiff.

Many assignments of error were made, including: (1) Error in sustaining the motion of the defendant, Todd, to quash the service, February 10; (8) in sustaining the objection of the defendant to the introduction of any evidence of the writ or order of delivery in replevin and the officer's return thereto, and the invoice; (9) in holding that at the time the return purports to have been made the court had no jurisdiction of the defendant, Todd; (10) in holding that the return does not show at the time it was made that the defendant was in court; (17) in sustaining the objection of the defendant to the further introduction of testimony except as to the question of the value of the property; (21) in sustaining the objection of the defendant to competent testimony as to J. C. Simpson having charge of the goods for the defendant, W. N. Todd, and as to visits of Tood to the place

where the goods were in charge of the defendant, J. C. Simpson; (25) in directing the jury to return a verdict for the defendants.

*L. E. Paine, T. G. Chambers* and *H. A. Howard*, for plaintiff in error.

*Keaton & Cotteral*, for defendant in error.

The opinion of the court was delivered by

McAtee, J.: It is contended by the defendant in error that, in as much as the action was begun December 18, 1893, and that the defendant, Todd, was not a resident and not found in Lincoln county, where the action was begun, but was found by the sheriff in Logan county, and that in as much as no other service was had upon the defendant, Todd, until the 9th day of June, 1894, and no endeavor was made to procure service or to follow the attempt to procure service by publication or service of summons within sixty days after such attempt, that the action was never, in fact, commenced, and that the proceeding in replevin was, therefore, void.

This reasoning was based upon the provision, code of civil procedure, art. 3, § 20, "Time of Commencing Civil Actions," that:

"An action shall be deemed commenced, within the meaning of this article, as to each defendant, at the date of the summons which is served upon him, or on a co-defendant, who is a joint contractor or otherwise united in interest with him.  Where service by publication is proper, the action shall be deemed commenced at the date of the first publication.  An attempt to commence an action shall be deemed equivalent to the commencement thereof, within the meaning of this article, when the party faithfully, properly and diligently endeavors to procure a service; but such attempt must be

followed by first publication or service of the summons within sixty days."

It is the contention of the defendant in error that this section of the statute is applicable in an action in replevin, and that no such service or attempted service or publication within sixty days from the filing of the petition having been made, the action was never "commenced."

The section referred to provides, that:

"An action shall be deemed commenced, within the meaning of this article, as to each defendant."

But the "article" is a statute of limitations, enacted for the purpose of constituting a special defense, and bar to the action, on the ground of lapse of time between the incurring of a liability, and the attempt to enforce it by legal proceeding, and its provisions are expressly limited, by the terms of the section itself, to "the meaning of this article." The statute does not apply to an action of replevin, unless the defendant should be here setting up the statute of limitations as a bar to recovery, which is not the case.

In general a "civil action may be commenced in a court of record, by filing in the office of the clerk of the proper court a petition and causing a summons to be issued thereon." (Section 57, code of civil procedure, p. 771).

And art. 10, "Replevin of Property," § 176, p. 789, provides that:

"The plaintiff, in an action to recover the possession of specific personal property, may, at the commencement of the suit or at any time before the answer, claim the immediate delivery of such property, as provided in this chapter."

The petition having been filed and the summons having been issued in the case, the action was then

"commenced," and the plaintiff had a right to then "claim the immediate delivery of the property," and the action was commenced although the plaintiff did not follow up his endeavor to procure service by the "first publication or a service of summons within sixty days." (*Dunlap v. McFarland*, 25 Kan. 341).

Afterward, the petition having been amended, and other parties having been joined in the action as defendants upon whom personal service was sought to be procured within the county of Lincoln, while the service was not had upon the defendant, W. P. Simpson, a demurrer was sustained in behalf of W. H. Fallis, and a motion to quash the service was sustained in behalf of J. C. Simpson, which was yet overruled as to the defendant, W. N. Todd. The defendant, Todd, had his option at that time, of retiring from the case, and if he was entitled to a remedy, to pursue it in another action or forum against the plaintiff; or to appear generally to the action.

Having determined to appear generally, and to answer as he did, he submitted himself to the jurisdiction of the court. (*Kennedy v. Beck*, 15 Kan. 418; *Carr v. Huffman*, 47 Kan. 188).

The defendant, by his answer, avers that he was in the lawful possession of the goods in question, and remained in possession thereof. Under the law in replevin, this possession is actual possession, in person, and he ought not, in justice and equity, to have technical points or irregularities construed in his favor, so as to defeat the action upon the merits and to claim to be legally absent from the county, for the purposes of a fair trial on the issues involved, while he avers in his answer, which is sworn to, that he was in "legal possession," that is, actually present, as required by law, in the county of

Lincoln, at the commencement of this action, even if he had not, by his answer, waived them. (Wells on Replevin, § 634).

It is our conclusion, therefore, that the district court, after the defendant, Todd, answered in the manner in which he did, accepting the jurisdiction and by his answer raising the questions of the right of lawful possession of the goods and of the legal ownership, that the case should have been heard upon its merits, as raised by the petition and answer of the defendant thereto, and that the attention of the jury should not have been confined to the ascertainment of the value of the goods and the assessment of damages only, and that they should not have received the direction to fix the amount of recovery in behalf of the defendant and to fix the damages at a specific sum.

The case is reversed and remanded, in accordance with these views, with direction for a new trial, upon the merits as raised by the pleadings.

Dale, C. J., having presided in the court below, not sitting; all the other Justices concurring.