## BUTTERFIELD, v. BUTLER *et al.*

No. 5074. Opinion Filed July 27, 1915.

(150 Pac. 1078.)

**INDIANS—Lands—Alienation.** **Held,** that the allotment of a Choctaw freedman, on December 26, 1905, was inalienable, and a mortgage given by such freedman on that date is void.

(Syllabus by Brett, C.)

*Error from District Court, Bryan County;*
*Summers Hardy, Judge.*

Action by Edward S. Butterfield against Roland H. Butler and others. Judgment for defendants, and plaintiff brings error. Affirmed.

*Hatchett & Ferguson* and *Chas. R. Bostick,* for plaintiff in error.

*V. B. Hayes* and *W. E. Utterback,* for defendants in error.

Opinion by BRETT, C.  This action was commenced in the district court of Bryan county by Edward S. Butterfield, plaintiff in error, plaintiff below, against Roland H. Butler and Artie Butler, defendants in error, defendants below, to recover on certain notes and to foreclose a mortgage executed by defendants December 26, 1905, on 40 acres of land described in the petition.  The defendants answered, and, among other things, pleaded that the land covered by the mortgage sought to be foreclosed was the individual allotment of the defendant Roland H. Butler, and that he is a Choctaw freedman and enrolled as such, and that said lands were allotted to him as such.  And that allegation was admitted by the plaintiff to be true. The cause was tried to the court, and the court allowed judgment for plaintiff in the sum of $382.82, but entered a decree declaring the mortgage to be void, and removing all cloud from the title to said land by reason of the mortgage.  And the plaintiff complains that this decree invalidating the mortgage was error, and brings the cause here for review.

It is stated by counsel that:

"The only proposition involved in this appeal is whether on the 26th day of December, 1905, which is the date of plaintiff's mortgage, the lands included in said mortgage, which were the individual allotment of Roland H. Butler, a Choctaw freedman, were alienable."

We think they were not, and that the judgment appealed from is correct.

*In re Davis Estate*, 32 Okla. 209, 122 Pac. 547, we think is decisive of the question presented by the case at bar.  In that opinion the court says:

"The right of Choctaw freedmen to participate to a limited extent in the allotment of lands, in both the Choc-

taw and Chickasaw Nations, was recognized in Act June 28,' 1898, c. 517, 30 St. at L. 495. In section 29 of the foregoing act, it was provided that Choctaw freedmen should be entitled to an allotment of land equal in value to 40 acres of the average land of the two nations, which should be nontaxable and inalienable while the title remained in the original allottee, but not to exceed 21 years from the date of patent.

"In the Supplemental Agreement, approved July 1, 1902, and ratified by the Choctaw and Chickasaw Nations September 25, 1902 (32 St. at L. 642), in section 11 thereof it was provided that each Choctaw freedman, as soon as practicable after the approval of the Secretary of the Interior of his enrollment, was entitled to lands equal in value to 40 acres of the average allotable lands of the Choctaw and Chickasaw Nations. Section 13 provided that the allotment of each Choctaw freedman should be inalienable during the lifetime of the allottee, not exceeding 21 years from the date of the certificate of the allotment; while section 15 provided: 'Lands allotted to members and freedmen shall not be *affected or incumbered by any deed, debt, or obligation of any .character contracted prior to the time at which said land may be alienated under this act,* nor shall said lands be sold except as herein provided.' (Italics ours.)"

And at page 219 of 32 Okla., page 551 of 122 Pac., the court asks:

"What is meant by the language of section 15 of the act of July 1, 1902, wherein it says that lands allotted to members or freedmen shall not be affected or incumbered by any deed, debt, or obligation, of any character, contracted prior to the time at which said lands may be alienated under said act, nor shall said lands be sold, except as therein provided?"

—and answers the question by saying:

"It is unnecessary to give the various definitions of the word 'affect.' It is enough to say that it is often used

in the sense of acting injuriously upon persons and things, and in this sense we are of the opinion it was used in this proviso. This interpretation accords with the reason and manifest intent of the proviso."

" 'Encumber' or 'incumber,' in its legal sense means a burden on the title or a charge on the property; a claim or lien on an estate, which may diminish its value.

"It is clear, we feel, that the above provision of the Supplemental Agreement should be construed to mean that allotted lands of members and freedmen of the Chickasaw and Choctaw Nations should in no manner be charged with or burdened by or injuriously affected with any debt of any character, contracted during the restricted period."

We think the construction in the opinion above quoted is fair, reasonable, and correct, and that any other would be strained and unreasonable.

We think the judgment is correct, and that it should be affirmed.

By the Court: It is so ordered.