## HOLLEMAN v. CUSHING, Ex'x.

No. 10395—Opinion Filed Dec. 20, 1921.

(Syllabus.)

1. **Estoppel—Estoppel by Deed—After-Acquired Title.**

Where a grantor, having no title, a defective title, or an estate less than that which he assumed to grant, conveys by warranty or covenants of like import, and subsequently acquires the title or estate which he purported to convey, or perfects his title, such after-acquired or perfected title will inure to the grantee or to his benefit, by way of estoppel.

2. **Same—Estoppel by Mortgage—Rights of Mortgagee.**

If one gives a mortgage on land in his possession to which he at the time has no title, but afterwards acquires title to the same, such title inures to the benefit of the mortgagee, and the mortgage lien attaches to the land, as against the mortgagor, the moment the mortgagor's title thereto is acquired.

3. **Judgment—Conclusiveness — Failure to Appeal.**

Where a court of competent jurisdiction, having jurisdiction of the parties and the subject-matter of an action, renders judgment therein, it matters not that such judgment may be erroneous, not having been appealed from, it was final, became the law of the case, and the parties were bound thereby.

Error from District Court, Haskell County; W. H. Brown, Judge.

Action by Ada T. Cushing, executrix of the estate of Francis J. Cushing, deceased, against J. B. Holleman and others on note and mortgage. Judgment for plaintiff, and defendant Holleman brings error. Affirmed.

E. O. Clark, for plaintiff in error.

D. M. Tibbetts and Fred W. Green, for defendant in error.

NICHOLSON. J. This action was brought in the district court of Haskell county by Francis J. Cushing, as plaintiff, against W. M. Shelton, Sarah Shelton, J. B. Holleman, Sue Holleman, W. E. Tirey, and L. C. Tirey, as defendants, to recover the sum of $1,191.63, with interest thereon, upon a promissory note executed and delivered by the defendants W. M. Shelton and Sarah Shelton to Samuel H. Graves, and for the foreclosure of a mortgage given to secure the payment of said note and covering certain lands in Haskell county. The petition is in the usual form in foreclosure suits, and alleged that the defendants W. M. Shelton and Sarah Shelton were, on October 7, 1909, the owners of the real estate described; alleged the execution of the note and mortgage by them, and that said note had been indorsed and said mortgage assigned to the plaintiff by said Samuel H. Graves; that said note was past due, and remained unpaid; that the defendants J. B. Holleman, Sue Holleman, W. E. Tirey, and L. C. Tirey each claimed some right, title, or interest in and to said real estate adverse to the lien of the plaintiff, but such right, title, or interest of said defendants, if any, was junior and inferior to the lien of the plaintiff; and prayed for a personal judgment against W. M. Shelton and Sarah Shelton and for foreclosure of said mortgage against all of said defendants.

The defendant L. C. Tirey filed a disclaimer, and the defendants W. E. Tirey and J. B. Holleman filed separate answers denying the allegation of plaintiff's petition; Tirey pleading a mortgage from Holleman to him, and Holleman pleading the invalidity of plaintiff's mortgage because the makers thereof were without title or interest in the lands described. The Sheltons did not answer, but made default.

The record discloses that the land involved was allotted to Elias Darneal, a Choctaw citizen of one-fourth Indian blood, and that patent was issued to him on October 27, 1903; that on July 28, 1908, Elias Darneal and wife conveyed said land by warranty deed to the defendant L. C. Tirey; that on August 7, 1908, L. C. Tirey and wife conveyed said land by warranty deed to the defendant W. M. Shelton; that on October 7, 1909, Shelton and wife executed the mortgage sought to be foreclosed. The record further discloses that on January 26, 1912, Elias Darneal executed and delivered to J. W. Frederick and A. C. King a warranty deed conveying an undivided one-half of 330 acres of land, including the land involved, and on May 14, 1912, Elias Darneal and

wife executed to A. C. King and J. W. Frederick another warranty deed conveying said 330 acres of land, and on the same day executed to the defendant Holleman a warranty deed conveying an undivided one-half of said land; that on February 25, 1913, Darneal and wife executed to tne defendant L. C. Tirey a quitclaim deed conveying to him the land involved, together with other lands.

It further appears that on the 6th day of December, 1910, in an action then pending in the district court of Haskell county wherein Elias Darneal, an infant under the age of 21 years, who sued by his guardian, was plaintiff and L. C. Tirey and others were defendants, judgment was rendered in favor of the plaintiff and against the defendant L. C. Tirey, declaring the deed executed to Tirey on July 28, 1908, void, but awarding him judgment against the plaintiff for $1,210, the value of improvements placed upon the land by the defendant Tirey. Samuel H. Graves and W. M. Shelton were named in the caption of the petition as defendants in this action, but service of summons was not had upon either of them and no appearance made by them and judgment was not rendered against them.

It further appears that on June 19, 1913, Elias Darneal and wife executed to Ralph T. Hemphill a warranty deed purporting to convey 330 acres of land, including the land in controversy, and that afterwards, by various conveyances to him, the defendant J. B. Holleman acquired the interest of J. W. Frederick, A. C. King, and Ralph T. Hemphill in said land.

It further appears that on the 26th day of February, 1914, L. C. Tirey obtained judgment in the district court of Haskell county against J. W. Frederick, A. C. King, J. B. Holleman, and Ralph T. Hemphill canceling the deeds executed to them by Darneal, and quieting the title to said land in him, and that on June 19, 1914, said L. C. Tirey conveyed said land by quitclaim deed to the defendant J. B. Holleman.

The plaintiff, Francis J. Cushing, having died, the cause was revived in the name of Ada T. Cushing, executrix of his estate, and the court rendered judgment in her favor, and against said defendants, foreclosing said mortgage, to reverse which this proceeding in error is brought.

The plaintiff in error urges three grounds for reversal: First, that the rules of pleading, evidence, and the burden of proof in this case, as between plaintiff and defendant, are the same as in an ejectment action, and that as plaintiff alleged that W. M. Shel-

ton and Sarah Shelton were the owners and in possession of the real estate involved, it was necessary to prove this allegation, and that she failed in this proof; second, that the deed from L. C. Tirey and wife to W. M. Shelton was illegal, against public policy, and void, and that the covenants thereof cannot be validated by the doctrine of relation and estoppel by covenant of warranty so as to make applicable the rule with reference to after-acquired title; and, third, that the allottee's deed to the defendant Holleman and his grantors, Frederick and King, was not champertous and void. The second deed of the allottee to Tirey conveyed nothing to Tirey, because title had already been conveyed by the allottee.

We will consider the first and second propositions together. It is the contention of plaintiff in error that the deed from Tirey to Shelton and the mortgage from Shelton to plaintiff are void and amount to nothing, because they are attempted conveyances of Indian lands while the restriction upon alienation thereof still remains.

If it were sought to apply the doctrine of relation and estoppel as against the allottee, Darneal, there would be merit in this contention, and the authorities cited would apply; but the allottee is not a party to this suit, and his interests are in no manner involved, nor his conveyance questioned. He has parted with the title to the lands and is not interested in the result of this suit. We are unable to see any reason why the deed from Tirey to Shelton and the mortgage from Shelton to Graves are illegal or against public policy, and we are not advised of any obstacle preventing the conveyance by them. Neither of them was laboring under any disability; they are both white men over the age of 21 years, and no reason is assigned why they were incapable of executing the deed and mortgage and being bound thereby.

The question to be determined is whether, under the facts disclosed, the title acquired by Tirey by the deed from Darneal and wife of date of February 25, 1913, inured to the benefit of the plaintiff through Shelton, the grantee in the deed from Tirey of date August 7, 1908. This deed contains the following covenant:

"First parties hereby covenant that they are the lawful owners of the said described premises; that the same are free, clear and discharged of and from all former grants, charges, taxes, judgments, mortgages and other liens and incumbrances of whatever nature and kind; and that they will and their heirs, executors and administrators shall forever warrant and defend the same to the said party of the second part his

heirs and assigns; especially covenanting and agreeing to protect the said title and defend the same in the offices of the General Government or in any court having jurisdiction."

The mortgage from Shelton and wife to Graves, assigned to and owned by the plaintiff and sought to be foreclosed herein, contains the following:

"And the said parties of the first part do hereby covenant and agree that at the delivery hereof they are the lawful owners of the premises above granted and seized of a good and indefeasible estate of inheritance therein, free and clear of all encumbrances, and that they will warrant and defend the same in the quiet and peaceable possession of said party of the second part. his heirs and assigns, against the lawful claims of all persons whatsoever."

It is the general rule that if a grantor, having no title or a defective title or an estate less than that which he attempts to grant, conveys by warranty or covenants of like import, and subsequently acquires the title or estate which he purported to convey, or perfects his title. such after-acquired or perfected title will inure to the grantee or to his benefit, by way of estoppel. Brown et al. v. Barker. 35 Okla. 498, 130 Pac. 155: 16 Cyc. 689; 8 R. C. L. 1058; 21 C. J. 1074: Wholey v. Cavanaugh. 88 Cal. 132. 25 Pac. 1112; Tupy v. Kocourek. 66 Ark. 433, 51 S. W. 69; Douglass v. Scott. 5 Ohio. 195: Armstrong v. Portsmouth Building Co.. 57 Kan. 62, 45 Pac. 67.

It appears that the deed of date the 28th day of July, 1908, executed by Elias Darneal and wife to the defendant L. C. Tirey, was by the judgment of the district court of Haskell county on the 6th day of December, 1910. decreed to be null and void, but neither the defendant Shelton, the plaintiff, nor Samuel H. Graves. the mortgagee, was a party to that action. and their rights were not affected by such judgment. After the rendition of this judgment and on January 26, 1912. Darneal and wife executed to J. W. Frederick and A. C. King a deed to an undivided one-half of the lands involved, and on May 14, 1912, conveyed to the defendant Holleman an undivided one-half thereof; on February 25, 1913, Darneal and wife conveyed to the defendant Tirey by quitclaim deed all their right, title, and interest in said land; on the 26th day of February, 1914, the district court of Haskell county rendered a judgment in favor of the defendant L. C. Tirey in a cause wherein he was plaintiff and the defendant Holleman and J. W. Frederick, A. C. King, and Ralph T. Hemphill were defendants

canceling the aforementioned deeds from Darneal and wife to them, as well as the deed to Hemphill, and by which judgment the defendants were perpetually enjoined and forbidden to claim any right, title, or interest in or to said lands by virtue of said deeds, and the title to said land was quieted in the plaintiff therein. Tirey. This judgment was not appealed from, and afterwards, and on June 19, 1914, the defendant L. C. Tirey and wife executed to the defendant Holleman a quitclaim deed conveying all their right, title, and interest in and to said land to him.

The plaintiff in error claims that the judgment in favor of Tirey and against him and the other defendants was erroneous and never became final,. because the plaintiff in that cause, Tirey, settled with Holleman before the period within which the cause might have been appealed to this court had expired, and quitclaimed and quit; but with this contention we cannot agree. That was a judgment of a court of competent jurisdiction which had jurisdiction of the parties and the subject-matter of the action, and it matters not whether the judgment was correct or erroneous, it was final, and not having been appealed. became the law of the case, and the plaintiff in error was bound thereby.

We conclude that, even though the deed of July 28, 1908, from Darneal and wife to the defendant Tirey was invalid and so decreed by the district court of Haskell county, and the deed from Tirey and wife to Shelton did not convey the title to said land and Shelton was without title when he executed the mortgage sued on, yet, when Tirey afterwards acquired the title to the land by the deed of February 25, 1913, from Darneal and wife, and the deeds of Holleman, Frederick, and King having been canceled and the title quieted in Tirey by decree of the court. the title thus acquired by Tirey inured to the benefit of Shelton, and through him to the plaintiff.    Rev. Laws of Oklahoma 1910. sec. 1160;. Christy v. Dana, 34 Cal. 548: Hill v. O'Bryan, 104 Ga. 137; Clark v. Baker, 14 Cal. 612.  If,. as contended by plaintiff in error, the burden was upon the defendant in error to prove title in Shelton. she sustained this burden.

Counsel for plaintiff in error advances the argument that the deeds from Darneal to Holleman. Frederick, and King were not champertous and void, and insists that Holleman obtained perfect title by the deeds from the allottee to him and his grantees,

Frederick and King. This argument and the authorities cited might have been of avail, had they been used in the trial of the case of Tirey v. Holleman and others, in the district court of Haskell county, but the question here. urged was decided adversely to plaintiff in error in that case. He did not appeal from the judgment there rendered against him, but, electing to abide by that judgment, obtained a conveyance from Tirey, and he cannot in this case attack the judgment there rendered.

We conclude that the judgment of the trial court is correct and should be affirmed, and it is so ordered.

HARRISON, C. J., and PITCHFORD, McNEILL, and ELTING, JJ., concur.