## JOHNSON v. RAY et al.

No. 12234—Opinion Filed Dec. 18, 1923.

Rehearing Denied Jan. 29, 1934.

(Syllabus.)

1. **Judgment — Validity—Nonjurisdictional Errors.**

Judgments rendered by courts of general jurisdiction, having jurisdiction of the person and of the subject-matter and jurisdiction to render the particular judgment which was rendered in the case, are not void because of erroneous conclusions of law contained in the judgment, even though such erroneous conclusions appear upon the face of the judgment roll. A judgment may erroneously construe a statutory or constitutional law, or it may arrive at a conclusion which is by a later decision of a superior court held to be erroneous, but such errors are not jurisdictional and do not render the judgment void.

2. **Same — Conclusiveness of Judgments Unappealed — Foreclosure on Indian Land.**

Plaintff, who was enrolled as a Choctaw freedman, executed a mortgage on her allotment on March 1, 1905. On January 5, 1912, suit was filed to foreclose this mortgage, and judgment of foreclosure was entered and sale of the property made. On March 24, 1913, the allottee filed petition to vacate judgment in the foreclosure case, and judgment was rendered denying the petition. On June 12, 1913, the allottee filed suit to quiet title to the land, and, upon trial of the case judgment was rendered against her. No appeal was taken from either of the judgments above mentioned. Thereafter the present suit was filed by the allottee to recover the land and to quiet title. Held, that the judgment rendered in the foreclosure case and the subsequent judgments, from which no appeal was taken, are a bar to this action.

Error from District Court, Atoka County; J. H. Linebaugh, Judge.

Action by Celia Johnson against O. P. Ray and another. Judgment for defendants, and plaintiff brings error. Affirmed.

Hatchett & Semple and R. A. Weeks, for plaintiff in error.

J. H. Gernert, for defendants in error.

COCHRAN, J. This action was instituted by the plaintiff in error against the defendants in error for the recovery of certain real estate situated in Atoka county, Okla., and for judgment quieting the title of plaintiff in error. The parties will hereinafter be referred to as plaintiff and defendants, as they appeared in the trial court.

The plaintiff was enrolled as a Choctaw freedman and the lands in controversy were allotted to her as her allotment. On March 1, 1905, plaintiff, joined by her husband, executed a mortgage on her allotment to the American Investment Company to secure a promissory note. On January 5, 1912, the district court of Atoka county, in a suit brought for the foreclosure of said mortgage, rendered judgment foreclosing the same, and, thereafter, the land was sold under foreclosure proceedings in said cause and the sale duly confirmed and deed executed. The defendants claim title under this conveyance. Thereafter, on March 24, 1913, Celia Johnson and her husband filed a motion to set aside and vacate the judgment in the foreclosure case, alleging that by reason of a decision rendered by the United States district court on August 14, 1912, all mortgages covering freedmen's allotments executed prior to May 27, 1908, were void: that the mortgage executed by Celia Johnson and her husband and the judgment of foreclosure were void. This motion was heard on June 12, 1913, and judgment rendered denying the motion, from which no appeal was taken. On June 12, 1913, Celia Johnson filed a suit to quiet title to the land involved herein, in which the judgment of foreclosure and sheriff's deed were again attacked. This case was filed on February 26, 1914, and judg-

ment rendered against the plaintiff, from which no appeal was taken. Thereafter, the present suit was filed in the district court of Atoka county for the possession of the land and to quiet plaintiff's title, and the invalidity of the mortgage and the various judgments rendered in the district court of Atoka county was alleged. Judgment was rendered in the district court for the defendants on the pleadings, and the plaintiff has appealed.

At the time the mortgage was executed by the plaintiff on March 1, 1905, it was a debatable question whether the allotments of Choctaw freedmen were subject to incumbrance by mortgage. This condition existed at the time the judgment of foreclosure was entered in the original case, the trial judge evidently being of the opinion that no restrictions existed against the execution of a mortgage on the allotment of a Choctaw freedman at the time this mortgage was executed. No appeal was taken from this decision. Thereafter this court in Re Davis' Estate, 32 Okla. 209, 122 Pac. 547, decided March 12, 1912, and in Butterfield v. Butler, 50 Okla. 381, 150 Pac. 1078, decided July 27, 1915, held that a mortgage executed by a Choctaw freedman, on his allotment, prior to the act of May 27, 1908, was void. The fact that the mortgage in the instant case was void is no longer an open question in this jurisdiction; however, it is evident that the district court of Atoka county was acting in good faith in rendering the foreclosure judgment. It is now insisted by the plaintiff that the various judgments above referred to are void; that a void judgment cannot be relied upon as a basis of title to restricted Indian lands. In considering whether the various judgments are void, it is well to bear in mind that, at the time each of these judgments was rendered, the allotments of Choctaw freedmen were free from restrictions as to alienation; that at the time the foreclosure judgment was rendered, the court had jurisdiction of the person, jurisdiction of the subject-matter, and jurisdiction to determine the particular issue which was in the case, to wit, whether the mortgage sought to be foreclosed was valid or void: that at the time each of the other proceedings was brought in which the original judgment was attacked, the court had jurisdiction of the person of the plaintiff and jurisdiction of the subject-matter of the controversy, and jurisdiction to determine the particular matter under consideration, to wit, whether the foreclosure judgment was void and subject to collateral attack. Having in mind the above facts, it is evident that it cannot now be held that either

of the judgments was void. If either of the judgments was void, it is because of lack of jurisdiction of the person or subject-matter or lack of jurisdiction to render the particular judgment which was rendered. It is conceded that the court rendering the judgments attacked in this case had jurisdiction of the person and jurisdiction of the general subject-matter, but it is contended that the court lacked jurisdiction to render the particular judgment which was rendered. The language used in some of the cases holding judgments void on the ground that they are not authorized by law, or because rendered in excess of the jurisdiction of the court, has been responsible for much confusion. None of these cases hold that judgments of courts of general jurisdiction should be held void because of erroneous conclusions of law contained in the judgment, even though such erroneous conclusion appears upon the face of the judgment roll. A judgment may erroneously construe a statutory or constitutional law, or it may arrive at a conclusion which is by a later decision of a superior court held to be erroneous, but such errors are not jurisdictional and do not render the judgment void. The cases of Roth v. Union National Bank of Bartlesville, 58 Okla. 604, 160 Pac. 505; Barnard v. Bilby, 69 Okla. 63, 171 Pac. 444; Winters v. Oklahoma Portland Cement Co., 65 Okla. 132, 164 Pac. 965; Brink v. Canfield, 78 Okla. 189, 187 Pac. 223; Tidal Oil Co. v. Flanagan, 87 Okla. 231, 209 Pac. 729, and Sandlin v. Barker, 95 Okla. 113, 218 Pac. 519, are all cases where the judgments were void either because the court had no jurisdiction of the subject-matter or because the court did not have jurisdiction to render the particular judgment which was rendered. The case at bar is not such a case, but involves the identical question decided in Welch v. Commercial National Bank, 90 Okla. 221, 217 Pac. 476, in which the court in the third paragraph of the syllabus held as follows:

"Where deed is taken to an Indian's lands during minority, and thereafter during her minority a suit is brought against her to quiet title to the lands contained in such deed, and a judgment rendered for the plaintiff quieting his title, and, after the minor reaches her majority, she files a petition to vacate judgment because of lack of jurisdiction in the court to enter judgment, and such petition is overruled and no appeal taken, this judgment is res judicata of the validity of the judgment and a bar to an action to set aside the deed and recover the land."

In this case the court had jurisdiction of the person and of the subject-matter, and had jurisdiction to render the particular judgment which was rendered. The matter

for determination, viz., the validity of the mortgage executed by Celia Johnson, was a question which the district court of Atoka county was authorized by law to determine. It had the same jurisdiction to pass on that particular question as this court now has to pass upon the case before it. Since it had jurisdiction of the person and of the general subject-matter, and jurisdiction to decide the particular question which it did decide, all jurisdictional requirements were met. The jurisdiction of the court was not determined by its conclusion as to the validity of the mortgage, but by its right to pass on and decide that particular question. Any error of law committed by the court should have been taken advantage of by appeal, and, after the judgment became final, it could not be attacked because of such error.

In Cornett v. Williams, 20 Wall. (U. S.) 226, the court said:

"Jurisdiction having attached in the original case, everything done within the power of that jurisdiction, when collaterally questioned, is to be held conclusive of the rights of the parties, unless impeached for fraud."

In National Surety Co. v. Hanson Builders' Supply Co., 64 Okla. 59, 165 Pac. 1136, a portion of the syllabus is as follows:

" 'Jurisdiction' is the power to hear and determine the subject-matter in controversy between the parties to an action or in a statutory proceeding; to adjudicate or exercise any judicial power over them."

In that case a judgment was rendered in the district court declaring a lien upon the school building of the district and directing and commanding the officers of the school district to levy a tax in the manner provided by law for the payment of the sums found due by the contractor. Thereafter, suit was commenced by the school district against the surety company on the contractor's bond, whereupon the surety company filed a motion in the original case in which a lien had been adjudged against the school property to vacate that judgment, alleging that the judgment was void. From the judgment denying the motion, an appeal was taken. It was contended that as a mechanic's or materialman's lien cannot attach upon the public building of the state, or the subdivisions thereof, since such liens are contrary to public policy, the judgment declaring such lien was a mere nullity, and under section 5274, Rev. Laws 1910, might be set aside at any time. It will be noted from this statement that that case presented the identical question presented here. An erroneous conclusion of law having been reached by the trial court, holding school property subject to a materialman's lien, and the Supreme Court thereafter holding that such property was not subject to such liens, and this erroneous conclusion of law appearing on the judgment roll, the court held that a judgment so rendered was not void and used the following language:

"Assuming that all of the parties have such interest, or are so affected as to entitle them to prosecute the proceedings in the manner employed, the case presents the single issue of whether in fact the original judgment was void, or simply erroneous. No appeal was taken from the judgment in which the liens were adjudged, and which was subsequently attempted to be set aside, by the surety company, Jones, and Dye. No claim is made that the court did not have jurisdiction of the parties or of the subject-matter, but it is said, as we understand, that the court did not have power to render the judgment that it did, whereby a public building was charged with a lien and an order made directing that a tax be levied in satisfaction thereof. This position is obviously erroneous, as it in effect concedes that, had the court rendered judgment denying the lien, it would be valid; in other words, that the power of a court of general jurisdiction to render a judgment in a class of actions, in which it has jurisdiction both of the parties and subject-matter, is dependent upon the character of relief granted, or in whose favor the judgment is entered. We know of no authority sustaining this view of the law. * * * Also that the jurisdiction of the court can never depend upon its decision upon the merits of the case brought before it, but upon its right to hear and decide it at all. At the time that the court rendered the judgment complained of, this court had never passed upon the right to enforce a materialman's lien upon a public building. * * * A wrong determination of the issues based upon a mistake of law, after final judgment has been rendered, can only be remedied and corrected on appeal; otherwise, there would be no end to litigation."

See, also, Parmenter v. Ray, County Judge, 58 Okla. 27, 158 Pac. 1183.

In State of Rhode Island v. State of Massachusetts, 12 Pet. (U. S.) 718, the court said:

"Jurisdiction is the power to hear and determine the subject-matter in controversy between parties to a suit, to adjudicate or exercise any judicial power over them; the question is, whether on the case before a court, their action is judicial or extra-judicial; with or without the authority of law, to render a judgment or decree upon the rights of the litigant parties. If the law confers the power to render a judgment or decree, then the court has jurisdiction."

In Ex parte Watkins, 32 U. S. 568, the court said:

"The jurisdiction of the court can never depend upon its decision upon the merits of a case brought before it; but upon its right to hear and decide it at all."

In the case at bar, the court, having jurisdiction of the person and of the subject-matter, was called upon to exercise that jurisdiction and determine the validity of the mortgage. It did exercise that jurisdiction and, although it now appears that an erroneous conclusion was reached by the district court, the judgment so rendered was a valid exercise of judicial power of the court, and. although erroneous, was not void. In Holleman v. Cushing, 84 Okla. 156, 202 Pac. 1029, the court said:

"That was a judgment of a court of competent jurisdiction which had jurisdiction of the parties and the subject-matter of the action, and it matters not whether the judgment was correct or erroneous, it was final, and not having been appealed, became the law of the case, and the plaintiff in error was bound thereby."

It is next contended that the trial court did not have jurisdiction to render the judgment of foreclosure or either of the subsequent judgments because they were based upon a mortgage executed in violation of federal restrictions, and to hold that the judgments so rendered are res judicata would have the effect of giving life to this void conveyance and deprive the allottee of her property in violation of the act of Congress. This same question was involved in Welch v. Commercial National Bank, supra, and we there held contrary to the contention of the plaintiff. At the time the various judgments were rendered against Celia Johnson, no federal restrictions existed against her or the alienation by her of her property. All restrictions against the alienation of her allotment had been removed and the district court of Atoka county had the same right to pass upon the issues presented in the case and to render judgment thereon as though the rights of a white citizen had been involved. The instant case does not have the effect of giving validity to. a conveyance executed in violation of federal restrictions and is not based upon the void mortgage at all, but is based upon a judgment of the district court of Atoka county, in which the same issues and the same parties were involved, and which judgment has become final. Suppose an appeal to this court had been taken from the judgment in the foreclosure case, and from the judgment by this court affirming the judgment of the district court an appeal had been taken to the Supreme Court of the United States, and the judgment there affirmed; and suppose that, thereafter, the Supreme Court of the United States in another case had rendered an opinion holding that mortgages executed by Choctaw freedmen at the time this mortgage was executed were in violation of federal restrictions and void. If plaintiff's contention is well founded, the judgment of foreclosure which had been affirmed by this court and by the Supreme Court of the United States would be void and subject to collateral attack. If such were the law, there would be no end to litigation in suits involving Indian land questions until a judgment had been finally rendered in favor of the Indian; all judgments against an Indian would be subject to overthrow at any time a decision announcing a contrary rule was rendered by a superior court or a contrary rule announced by the same court. We are not willing to subscribe to any such rule. The judgments rendered and which are attacked in the instant case lack no jurisdictional requisite, and although an erroneous conclusion of law was reached in the foreclosure case there was no jurisdictional defect and the judgment was not void. This would be equally true although the erroneous holding of the court appeared on the face of the record.

It is our opinion that the judgment of the trial court should be affirmed, and it is so ordered.

JOHNSON, C. J., and McNEILL, KENNAMER, BRANSON, and HARRISON, JJ., concur.