## RELIANCE CLAY PRODUCTS CO. v. ROONEY et al.

No. 20572. Opinion Filed March 8, 1932.

Rehearing Denied April 26, 1932.

E. F. Cadwell, Font L. Allen, and Disney, Wheeler & Alcorn, for plaintiff in error.

C. F. Gordon, for defendants in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Wagoner county in favor of the defendant in error, defendants in that court, against the plaintiff in error, plaintiff in that court. Hereinafter the plaintiff in error will be referred to as the plaintiff and the defendants in error L. F. Rooney and Kathleen Rooney, as the defendants.

The plaintiff sought to enjoin the defendants from enforcing a judgment lien against certain real estate which had been purchased by the plaintiff. At the conclusion of the evidence of the plaintiff, the defendants demurred thereto. Their demurrer was sustained and judgment was rendered against the plaintiff and in favor of the defendants. From that judgment the plaintiff appealed to this court. It is here contended that the judgment asserted by the defendants was invalid and that no execution could be issued thereon.

The record discloses the following facts: The defendants filed a suit in the district court of Wagoner county against R. H. Startzell and Delphine Startzell and the M. T. C. Oil & Gas Company, for the recovery of the amount due on certain promissory notes signed by the two Startzells and for possession of certain pipe against all of the defendants in that action. The two Startzells were not served with summons but filed an affidavit and confession of judgment, in which they confessed a balance due to the defendants herein on the promissory notes. Judgment was rendered on that confession and judgment was rendered on the verdict of the jury for possession of the pipe. The judgment ordered that foreclosure of the Rooney mortgage on the pipe be made in accordance with the laws of Oklahoma. The pipe was sold under foreclosure and was bid in by the Rooneys. On the 8th day of August, 1927, a supplemental judgment was entered, in part, as follows:

"* * * And whereas said pipe was turned over to the possession of the plaintiffs and by them sold at public auction on the 30th day of March, 1927, for the sum of $85, there was left a balance due and owing these plaintiffs from the said defendants Delphine Startzell and R. H. Startzell in the sum of $1,943.12.

"It is therefore ordered, adjudged, and decreed by this court that the plaintiffs have now a judgment against the defendants R. H. Startzell and Delphine Startzell in the sum of $1,943.12, with interest at the rate of 10 per cent. per annum from the 30th day of March, 1927, until paid, and for their costs herein expended, for all of which let execution issue."

At the trial of the instant action, it was stipulated and agreed that R. H. Startzell was the record owner of the real estate involved herein on March 3, 1927, and August

8, 1927, the dates upon which the two judgments were entered by the district court of Wagoner county. It appears that Startzell sold the real estate on December 21, 1927, and that the title thereto passed by mesne conveyances to the plaintiff in this action. The plaintiff seeks to have the real estate relieved of the lien created by the judgment against the Startzells. It contends that the district court of Wagoner county had no jurisdiction over R. H. Startzell and Delphine Startzell for the reason that no summons had been served upon them and for the reason that they did not live in Wagoner county. We think that, under the provisions of sections 673 and 676, C. O. S. 1921, that contention is without merit. Neither R. H. Startzell nor Delphine Startzell is questioning the validity of the judgment.

This is a collateral attack upon a judgment valid upon its face by one who is not a party to the judgment, and, under the rule stated in Kelly-Goodfellow Shoe Co. v. Todd, 5 Okla. 360, 49 P. 53, and Miller v. Madigan, 90 Okla. 17, 215 P. 742, the judgment is presumed to be valid.

In Samuels v. Granite Savings Bank & Trust Co., 150 Okla. 174, 1 P. (2d) 145, this court held:

"The district courts of this state are courts of general jurisdiction, and their judgments cannot be collaterally attacked unless the record affirmatively shows want of jurisdiction, and every fact not negatived by the record is presumed in support of the judgment."

In Holleman v. Cushing, 84 Okla. 156, 202 P. 1029, this court held:

"Where a court of competent jurisdiction, having jurisdiction of the parties and the subject-matter of an action, renders judgment therein, it matters not that such judgment may be erroneous, not having been appealed from, it was final, became the law of the case, and the parties were bound thereby."

The plaintiff contends that, since the record does not show an affidavit of acceptance required by section 844, C. O. S. 1921, the offer of confession of judgment shall be deemed withdrawn. Such a contention cannot be made in a collateral attack upon a judgment regular upon its face. The presumption is, in the absence of a showing to the contrary, that everything necessary to be found by the court preliminary to the rendition of judgment was shown in the case. Samuels v. Granite Savings Bank & Trust Co., supra.

The plaintiff contends that neither R. H. Startzell nor Delphine Startzell made an appearance in court, as required by section 673, supra. That contention is a collateral attack upon a judgment and cannot be sustained.

The plaintiff contends that the supplemental journal entry of judgment, filed on the 8th day of August, 1927, does not show in what manner the matter was brought before the court on the date of the hearing, if any. The plaintiff who purchased the real estate was charged with knowledge of that judgment. The judgment is not void upon its face and it cannot be collaterally attacked. There is nothing in Roth v. Union Nat. Bank, 58 Okla. 604, 160 P. 505; LeClair v. Calls Him, 106 Okla. 247, 233 P. 1087, and Wells v. Shriver, 81 Okla. 108, 197 P. 460, to the contrary.

While a demurrer to the evidence admits all the facts which the evidence in the slightest degree tends to prove and all inferences and conclusions which may be reasonably drawn therefrom, as stated in Walter v. McCray, 132 Okla. 18, 269 P. 279, that rule does not authorize a judgment, valid upon its face, to be attacked collaterally.

We find nothing in the record to justify the trial court' or this court in enjoining the enforcement of that judgment in this action.

The judgment of the trial court is affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, CULLISON, McNEILL, and KORNEGAY, JJ., concur. HEFNER and SWINDALL, JJ., absent.

Note.—See under (1), 15 R. C. L. 893; R. C. L. Perm. Supp. p. 4002; R. C. L. Pocket Part, title Judgments, § 373.