[Civ. No. 11656.   Second Appellate District, Division Two.—November 29, 1937.]

In the Matter of the Estate of GEORGE H. ROSE, Deceased. ADA M. ROSE, Appellant, v. BEATRICE I. HAGLER, Respondent.

Julian P. Van Dyke for Appellant.

Henry E. Carter for Respondent.

WOOD, J.—The appellant, Ada M. Rose, widow of George H. Rose, deceased, filed a petition to determine heirship. The trial court rendered judgment in which it was held that appellant had waived her right to inherit any part of the separate property of the decedent and from this judgment the appeal is taken. Mr. Rose left no will.

George H. Rose and Ada M. Rose were married on October 16, 1931, and they lived together until the death of Mr. Rose on May 11, 1936. At the time of the marriage Mr. and Mrs. Rose each owned certain real and personal property. The written agreement which is the basis of the trial court's ruling was executed on July 20, 1932, and was not made as a separation agreement. The agreement sets forth:

"Whereas, it is the desire and intention of the parties hereto to keep and maintain said property, and the rents, issues and profits thereof, as the individual and separate property of the respective parties, owning the same at the time of marriage, and that neither shall acquire any interest of the other in the property, and/or the rents, issues or profits thereof, or the proceeds of any such property in case of sale or exchange by reason of their relations.

"Now, Therefore, in consideration of the premises, the party of the second part does hereby release, remise and quitclaim unto the said party of the first part all her right, title and interest of every nature and description in and to the following described property, to-wit: [Here are listed and described a number of pieces of real estate] and all right, title and interest in and to the rents, issues and profits of all of the above described real property;

"Also, all personal property of every nature and description, wheresoever situate, owned by the party of the first part at the time of said marriage, together with the rents, issues and profits thereof.

"The said party of the first part in consideration of the premises does hereby release, remise and forever quitclaim unto the said party of the second part all his right, title and interest in and to that property, particularly described as follows, to-wit [Here are listed and described a number of pieces of real estate] and all right title and interest in and to the rents, issues and profits of all of the above described real property.

"Also, all personal property of every nature and description wheresoever situate, owned by the party of the second part at the time of said marriage, together with the rents, issues and profits thereof."

The trial court erred in holding that by the agreement in question Ada M. Rose waived her right to inherit upon the death of her husband. At the time the instrument was executed there was no conversation concerning the right to inherit and the instrument itself does not make reference to inheritance rights. The parties state that it is their "desire and intention" to keep the property theretofore owned by each "as the individual and separate property of the respective parties". No ambiguity appears in the language of the agreement. No reference is made to any future contingency. The operative words used, "release, remise and quitclaim" are the words commonly used in simple quitclaim deeds. (*Wholey* v. *Cavanaugh,* 88 Cal. 132 [25 Pac. 1112].) They indicate a present transfer of any interest the owner might have in the property at the time of the conveyance. As held in *Jones* v. *Lamont,* 118 Cal. 499 [50 Pac. 766, 767, 62 Am. St. Rep. 251], a case involving a separation agreement, the court should not construe contracts between husband and wife so as to deprive either party of the property rights growing out of the marriage relation, "except where there is a clear and unmistakable intention to barter away such rights". The instrument now before us bears no indication as of an intention to defeat the law of inheritance.

The judgment is reversed.

Crail, P. J., and McComb, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 21, 1937, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 27, 1938.