**WHEATLAND GRAIN & LUMBER CO. et al. v. DOWNING et al.**

No. 8622—Opinion Filed June 11, 1918.

Rehearing Denied July 23, 1918.

(173 Pac. 956.)

(Syllabus.)

**1. Judgment—Finding as to Process in Garnishment—Collateral Attack.**

When in a judgment rendered by a domestic court of competent jurisdiction there is an express finding that service of process was had upon certain garnishees in the action, such finding cannot be attacked in a collateral proceeding.

**2. Same—Default Judgment.**

A judgment by default rendered before the expiration of the time within which garnishees were required by statute to file their answer is voidable but not void, and unless attacked in some manner provided by law will be upheld.

Error from District Court, Cleveland County; F. B. Swank, Judge.

Action by R. V. Downing and the Farmers' National Bank of Norman, Okla., against the Wheatland Grain & Lumber Company and another. Judgment for plaintiffs, and defendants bring error. Reversed.

J. E. Shelton, R. C. Searcy, Ben F. Williams, and John E. Luttrell, for plaintiffs in error.

James M. Gresham, for defendants in error.

HARDY, J. This was an action commenced by R. V. Downing and the Farmers' National Bank of Norman against the Wheatland Grain & Lumber Company, a corporation, and Claud Pickard, sheriff of Cleveland county, to enjoin the levy of execution upon their property issued to enforce a judgment by default rendered against them as garnishees in an action wherein the Wheatland Grain & Lumber Company was plaintiff and Abe Foster and Minnie Foster were defendants. Upon trial to the court there was a permanent injunction granted as prayed, to reverse which judgment this proceeding in error was commenced. It is urged that the judgment by default against the garnishees to enforce which the execution was issued was rendered upon insufficient service and before the expiration of the time in which garnishees were required by statute to file their answer, and the said judgment for these reasons is void. On the other hand, it is contended that the garnishment summons is not so defective as to render the same void but merely voidable, and that plain-

tiffs having an adequate remedy at law under the decisions of the Supreme Court of this state are not entitled to injunctive relief.

The judgment complained of contains an express recital that service of the writ of garnishment was had upon R. V. Downing and the Farmers' National Bank of Norman, and being a domestic judgment a finding of jurisdictional facts by the court in which the judgment was rendered cannot be collaterally attacked. Continental Gin Co. v. De Bord, 34 Okla. 66, 123 Pac. 159; Blackwell et al. v. McCall et al., 54 Okla. 96, 153 Pac. 815; Daugherty v. Feland, 59 Okla. 122, 157 Pac. 1144. The parties had the right to apply to the court in which the judgment was rendered to quash the service of the summons in garnishment if same were irregular or insufficient, which they failed to do. An attempt to avoid a judgment because of defects in the service of process by enjoining the enforcement thereof is a collateral attack. I Black on Judgments, § 253.

The fact that the judgment by default was rendered before the expiration of the time within which garnishees were required by statute to file their answer does not render the judgment void. It is a well-established rule that a judgment rendered upon service of summons made for a time less than that required or before the day named in the summons by which it is required to answer is not void but irregular, and unless attacked in a manner provided by law will be upheld. Southwestern Surety Ins. Co. v. Detrich, 68 Okla. 114, 172 Pac. 51; White v. Crow, 110 U. S. 183, 4 Sup. Ct. 71, 28 L. Ed. 113; Nelson v. Becker, 14 Kan. 509; Foster v. Markland et al., 37 Kan. 32, 14 Pac. 452; Freeman on Judgments, § 135; Black on Judgments, § 85.

The judgment not being void, the court will not enjoin the enforcement thereof. The judgment is therefore reversed.

All the Justices concur.