## STRANGE, Adm'r, v. ARMSTRONG.

No. 15978—Opinion Filed Nov. 17, 1925.

Rehearing Denied Feb. 8, 1927.

**1. Judgment—Collateral Attack — Errors of Law.**

Errors of law occurring during the course of the trial of a cause, where the court has jurisdiction of the subject-matter, and has the parties before it, inhere in the judgment

and will not subject the judgment to a collateral attack.

## 2. Disposition of Cause.

Record examined; held, to support judgment in favor of the defendant in error.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Oklahoma County; James I. Phelps, Judge.

Action by Hubert Strange, as administrator of the estate of C. A. Armstrong, to set aside a judgment rendered in favor of Exie Armstrong, and against the decedent. Motion denied, and movant appeals. Affirmed.

Shirk, Danner & Mills, for plaintiff in error.

Pierce, McClelland & Kneeland, for defendant in error.

Opinion by STEPHENSON, C. C. A. Armstrong and Exie Armstrong commenced their action in the district court of Oklahoma county, against Clem White and Susan White, to cause a deed of conveyance from the plaintiffs to the defendants to be canceled for fraud committed by the defendants in its procurement. The petition alleged in substance: (1) That the real estate in question was the homestead of the plaintiffs and was listed with Clem White as their real estate agent for sale upon certain named terms. (2) The plaintiffs allege that they directed the agent to sell the property for the sum of $5,500, note to be taken for $1,100 due in 6, 12 and 18 months, secured by a mortgage upon the property. (3) The plaintiffs allege that the agent delivered to C. A. Armstrong the mortgage and notes in a dark room and he did not discover that the notes and mortgage were due on or before five years from date, and that the deed was executed and delivered upon the mistaken idea that the notes and mortgage were made due according to the terms and conditions upon which the property was listed for sale.

The petition prayed for the cancellation of the deed of conveyance and quieting title in the plaintiffs. The deed was made to Susan White, the wife of the defendant, and was executed jointly by the plaintiffs. The defendants placed a mortgage upon the property for $3,500, and paid the proceeds of the mortgage to the plaintiffs, paying the balance of the purchase price in cash, except the $1,100 note and mortgage, which were made payable to C. A. Armstrong. Exie Armstrong thereafter filed what she termed her separate amended petition wherein it

was charged that she and her husband joined in the execution of the deed to Susan White, and that the deed was placed in a trunk at her home for safekeeping until the sale was completed between the parties. That C. A. Armstrong, her husband, procured the deed from the trunk without her knowledge or consent, and delivered the same to Clem White without her knowledge or consent, and that she never consented to the delivery of the deed or knew of the delivery of the deed until sometime after the act complained about; that these matters were well known to White, and that he acted jointly with her husband in the commission of the fraud charged; that her husband received the purchase price of $5,400 in cash, except the $1,100 note and mortgage, which were payable to him; that C. A. Armstrong then abandoned this plaintiff, taking the proceeds from the sale of the homestead. The plaintiff further charged that C. A. Armstrong converted all other property into money to the value of about $20,000, which had been accumulated during their married life, and went to the state of Arkansas, leaving a minor child for the support of this plaintiff.

The prayer of the petition was for cancellation of the deed of conveyance, and in the event the title could not be restored to the plaintiff, and she have judgment against the defendants for $7,500 as damages.

The amended petition stated a joint and several liability for tort against Clem White and C. A. Armstrong. The first petition sought the cancellation and rescission of the conveyance. The effect of the amended petition was to join an equitable and law action in the same suit. The equitable action could only lie against the Whites; the law action for damages was jointly against the husband and the Whites. The amended petition improperly joined the two actions, but this question is not before us. The amended petition merely prayed for damages against the defendants without naming them.

C. A. Armstrong did not appear in the trial of the action. The court sustained a demurrer to the evidence of the plaintiff on the part of the Whites. Thereupon the plaintiff asked leave to amend her petition to conform to the proof and prayed judgment for damages against C. A. Armstrong. The court entered its judgment requiring the payment of the note and mortgage of $1,100 to the plaintiff, instead of C. A. Armstrong, and entered judgment against the latter in damages for the sum of $5,000. C. A. Armstrong died some three

years later in the city of Pine Bluff, Ark., and Hubert Strange was appointed as administrator of the decedent's estate by the probate court of the county in which the city of Pine Bluff is located. The administrator filed motion to set aside the judgment rendered in the trial of this cause on the ground that the same was void. The administrator recited the following grounds in his motion for setting aside the judgment. (1) That the court was without jurisdiction over C. A. Armstrong or the subject-matter involved in the trial of the cause. (2) That the court did not have jurisdiction to grant Exie Armstrong authority to file an amended petition without notice to C. A. Armstrong. (3) That the rendition of personal judgment against C. A. Armstrong was not within any of the issues joined between the plaintiff and the defendant on the separate amended petition.

The separate amended petition improperly joined an action in equity for the cancellation of a deed, and a joint and several action in tort for damages against C. A. Armstrong and the Whites, but this is not a question which may be raised by motion to vacate the judgment. If a demurrer was filed upon this ground and overruled, it was merely an error of law occurring in the course of the trial which inhered in the judgment against C. A. Armstrong, and will not subject the judgment to attack in a collateral proceeding. If the Armstrong judgment was here on appeal from an order overruling motion for new trial, which assigned the overruling of the demurrer as error, a different question would be presented. The district court of Oklahoma county and all other district courts of the state are given jurisdiction by the Constitution to try cases for damage growing out of torts. It is clear that the district court of Oklahoma county had the right to try such a law action. C. A. Armstrong joined Exie Armstrong in filing the action in the first instance, and there is no proceeding showing that he was dismissed from the action before the rendition of judgment. Therefore, it appears that C. A. Armstrong was a party to the action. The trial court had jurisdiction to try the action for damages and C. A. Armstrong was before the court in the action; consequently. no jurisdictional question is presented by this appeal. The question of permitting the plaintiff to file her amended petition and to amend the petition later to conform to the proof, were matters addressed to the discretion of the court. The matters did not present jurisdictional questions, and the rulings thereon became final so far as the motion involved in this appeal is concerned. The separate amended petition stated a cause of action, and was technically completed when the prayer of the. petition was amended to ask for judgment against Armstrong. The judgment against Armstrong was not without the allegations set forth in the amended petition. If any error occurred in this respect, it is not subject to attack in a collateral proceeding. Armstrong must have known long before his death that some judgment was taken against him in the action, as the mortgagors were directed by the judgment to pay the proceeds of the mortgage to the plaintiff, instead of C. A. Armstrong, who was named as mortgagee in the instrument. It is sufficient to say in this case that the court had jurisdiction to try the law action for damages based upon tort, and that C. A. Armstrong was before the court in the action. In the absence of an allegation of fraud, accident or mistake, the motion to set aside the judgment in this case should be overruled. The question of the correctness of the trial court's rulings made in the course of the trial of the cause when it has jurisdiction of the subject-matter and the parties before it, are not matters for review upon a motion to set aside the judgment in a collateral attack. Lynch v. Collins et al., 106 Okla. 133, 233 Pac. 709; Bucy v. Corbin, 101 Okla. 124, 223 Pac. 134; Johnson v. Ray, 101 Okla. 160, 222 Pac. 667; Miller v. Madigan, 90 Okla. 17, 215 Pac. 742; Wheatland Grain & Lumber Co. v. Downing, 68 Okla. 293, 173 Pac. 956.

It is recommended that the judgment denying motion to vacate judgment be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 34 C. J. p. 561, §861. (2) 4 C. J. p. 1129, §3122.