## UNION INDEMNITY CO. v. SALING et al.

No. 23873.   Sept. 19, 1933.

Supplementary Opinion on Rehearing and Rehearing Denied Nov. 7, 1933.

134

Ames, Cochran, Ames & Monnett, for petitioner.

W. W. Pryor and Hugh M. Sandlin, for respondent.

S. J. Clay, Thurman, Bowman & Thurman, and T. Raymond Higgins, amici curiae.

BUSBY, J. This is an original proceeding instituted in this court to obtain a review of an order of the State Industrial Commission.

There are three principal questions involved: First, the constitutionality of the amendment to section 7297, C. O. S. 1921, enacted by chapter 30, S. L. 1929, providing, in substance, for the execution of a bond as a condition precedent to instituting a proceeding in this court to review an award favorable to a claimant before the Commission. Second, the extent of the liability of the surety on such a bond. Third, the jurisdiction of the State Industrial Commission to determine the amount of the liability on such a bond.

The questions presented have not previously been decided by this court, and the answers to them by judicial determination will, in addition to settling the issues between the parties involved in this proceeding, serve as a guide for future proceedings before the State Industrial Commission and in the various courts of original jurisdiction in the state, as well as settle a number of controversies now pending in this court.

The facts in this case are not disputed. A proper consideration of the questions involved, however, requires a comprehensive review of the history of the controversy as disclosed by the record.

On the 12th day of September, 1928, Monroe Saling, who will be referred to as the claimant, received an accidental injury arising out of and in the course of his employment, while engaged in one of the hazardous occupations for which compensation is provided in the Workmen's Compensation Act of this state. At the time of his injury he was employed by the Oklahoma Company. The compensation insurance risk of this company was carried by the Federal Surety Company.

In due time Saling filed a claim for compensation with the State Industrial Commission. After proper notice hearings were held upon this claim, and on the 22nd day of August, 1929, the State Industrial Commission entered its order and award finding that since the date of the injury and up to and including the date of the hearing the claimant had been and was suffering from a **temporary total disability** which had not then terminated. In accordance with this finding, the claimant was awarded compensation, accrued and accruing at the rate of $18 per week, the same to continue "until the termination of the disability or until otherwise ordered by the Commission." While the Commission in that order determined the existence of temporary total disability, it did not then determine the duration thereof other than that the same was still existing at the time of the hearing. Neither did the Commission in its order make any finding determining the existence or nonexistence of permanent disability, either partial or total. While the order does not say so in specific language, it was obviously the intention and purpose of the Commission to reserve for future decision the time of termination of the temporary total disability as well as the existence or nonexistence of any permanent disability that may have been sustained by the claimant as a result of his injury.

In order to institute a proceeding in this court for the purpose of procuring a review of the order above mentioned, and in compliance with the provisions of section 7297, C. O. S. 1921, as amended by chapter 30, S. L. 1929, the employer, the Oklahoma Com-

pany, and the insurance carrier, Federal Surety Company, as principals, and the Union Indemnity Company, as surety, executed the bond involved in the present proceedings. The claimant was named in the bond as the obligee, and the conditions of the liability on the bond were expressed in the language of the statute. We quote the applicable portions of the bond:

"Now, therefore, if the said the Oklahoma Company and Federal Surety Company will pay the amount of the award rendered herein, or on the further order of the Commission after the appeal shall have been decided by the Supreme Court, then this obligation shall be null and void. Otherwise, to remain in full force and effect."

Subsequent to the execution of the bond an original proceeding was instituted in this court wherein the order of the Industrial Commission was reviewed and affirmed. Oklahoma Company et al. v. State Industrial Commission et al., 149 Okla. 18, 298 P. 1051. (Opinion May 5, 1931.)

On the 18th day of May, 1931, an order was entered by the Commission purporting to be in compliance with the above-mentioned opinion of this court, which order need not be considered in detail for the reason that it was vacated by a subsequent order of the Commission entered on the 13th day of June, 1931.

Subsequent to the revocation of the order mentioned, hearings were had for the purpose of determining the extent of the disability of the claimant, at which hearings testimony was introduced resulting in an order made on the 7th day of July, 1931, determining that the claimant was still suffering from temporary total disability and awarding him compensation until the expiration of the 30 days subsequent to the time of the order, within which time the claimant was given the option of accepting an operation which had been tendered by the insurance carrier. This tender of operation was accepted by the claimant within the time allowed. The operation was performed accordingly.

A receipt was later filed, which bore the signature of the claimant and acknowledged receipt of compensation payments in the sum of $2,631, representing payments of weekly compensation up to and including August 2, 1931.

On the 25th of August, 1931, an order (apparently ex parte on a motion of the employer and insurance carrier) was entered in which the payment of the $2,631

above mentioned was declared to be a satisfaction of the obligation which the bond was given to secure, and the sureties on the bond were declared exonerated and relieved from further liability.

It appears that the Federal Surety Company failed about September, 1931. Subsequently, and on or about the 16th day of November, 1931, a motion was filed by the claimant alleging that he was receiving no compensation and requesting that the cause be set down for the purpose of determining the permanent total disability of the claimant. No request whatever was made in this motion to determine or fix any liability on the surety bond. In compliance with this request the State Industrial Commission held a hearing, at which the claimant appeared, in person and represented by counsel. Neither the employer, insurance company, nor surety on the bond in question appeared at this hearing. The hearing was held on the 3rd day of March, 1932, and on the 23rd day of March, 1932, the Commission made and entered its order in which it reviewed the previous proceedings before the Commission and also determined that the claimant had sustained a permanent total disability and was entitled to compensation in the sum of $9,000, less sums previously paid, reciting that the amount so paid had been $2,357. The Union Indemnity Company was declared to be secondarily liable, in the event of nonpayment by the obligors of the entire amount of the award, and was adjudged to pay the amount unpaid in any sum not exceeding $5,000 (the sum being the amount recited in the face of the bond as the penal obligation thereof).

It thus appears that, although the bond of the Union Indemnity Company, which was in the nature of a supersedeas bond, was originally given for the purpose of securing the review of an award for **temporary total disability**, the liability thereby created by said bond has been construed by the Commission to render the Union Indemnity Company, as surety, liable for the payment of an award for **permanent disability** rendered about a year after this court had decided the cause in connection with which the bond was given. No attempt was made on the part of the Commission to mail a copy of the last award thus made to the Union Indemnity Company. That company, however, appeared before the Commission for the purpose of attacking the last order and award made by filing an instrument styled "Special

appearance of Union Indemnity Company." In this pleading, which was filed before the Commission on April 21, 1932, the jurisdiction of the Commission over the person of the defendant was challenged on the theory that the Commission was without jurisdiction of the person of the defendant. However, the pleading was not exclusively devoted to a challenge to the jurisdiction of the Commission over the person of the defendant and the kindred question of failure to give notice and therefore afford an opportunity to be heard. It attacked also the constitutionality of the law providing for the bond, as well as the impropriety of the judgment.

After a hearing had been held upon the foregoing motion or application, the State Industrial Commission entered its decision on June 17, 1932; it was held that the Union Indemnity Company had in fact entered its general appearance and thereby waived any lack of jurisdiction which might have previously existed. The Commission held, further, that the application of the petitioner should be overruled.

This proceeding was thereafter instituted in this court for the purpose of reviewing the order of the State Industrial Commission of June 17, 1932, in refusing to vacate the former order of March 23, 1932. The proceeding instituted in this court was commenced within 30 days after the decision on the motion to vacate, but greatly in excess of 30 days subsequent to the order of March 23, 1932. The delay in filing a proceeding in this court to obtain a judicial review of the order of the Commission presents another question in this case, which will be subsequently considered.

The Union Indemnity Company, petitioner herein, asserts that no liability can be attached under the bond, for the reason that the amendment incorporated in chapter 30, S. L. 1929, is unconstitutional. This contention involves several steps of legal reasoning, each of which presents a separate question of law essential to the determination of the principal question. The petitioner contends: First, that the State Industrial Commission is an administrative body exercising quasi judicial powers, as distinguished from a strictly judicial body. Second, that since it is not a strictly judicial body, it is essential, in order to comply with the due process clause of the federal and state Constitutions, that a review of the proceedings of the Commission by a strictly judicial tribunal be pro-

vided. Third, that such judicial review, when provided, cannot properly be impeded or limited by requiring a bond as a condition precedent, or if such a bond can be required, that the particular bond required in this case is an unreasonable bond in that the provisions of the statute require a bond insuring, not only the payment of the particular award appealed from, but also of any and all other awards that might be made in the future in connection with the case in which an appeal is taken.

It appears that our first task in determining the question under consideration is to ascertain the true character of the State Industrial Commission. It is contended by the petitioner and practically conceded by the respondent that the State Industrial Commission is an administrative body exercising quasi judicial powers. However, we have been loath to definitely classify that body even upon such a concession without first making a sufficient investigation of the authorities to determine that such classification is sound in principle and supported by judicial precedent.

The constitutionality of the Workmen's Compensation Act, as well as the propriety of lodging in the State Industrial Commission the authority essential to an administration of the law, is no longer an open question in this state. Adams v. Iten Biscuit Co., 63 Okla. 52, 162 P. 938. Likewise similar acts of other states conferring like powers upon a central board or commission have met with almost universal approval by courts of last resort in other states (see authorities reviewed in Adams v. Iten Biscuit Co., supra, and also authorities mentioned in Workmen's Compensation Law by Schneider [2d Ed.] vol. 1, para. 6, and note). Similar acts properly within the legislative field of our National Congress have been passed by that body and have received the approval of the Supreme Court of the United States. Crowell v. Benson, 285 U. S. 22, 76 L. Ed. 598.

This court in the case of Adams v. Iten Biscuit, supra, did not undertake to classify the State Industrial Commission by determining whether it is a court or an administrative commission, although it was therein referred to as an administrative board. In many of the subsequent decisions reference has been made to its character which are somewhat persuasive if not controlling. Thus in the case of Scruggs Bros. & Bill Garage v. State Industrial Commission, 94 Okla. 187, 221 P. 470, we said that "The

State Industrial Commission sits rather as a board of arbitration than a court." And in Wilson Drilling Co. v. Beyer, 138 Okla. 248, 280 P. 846, it was said that "The purpose in the enactment of the Workmen's Compensation Act was to provide a new forum in the nature of a board of arbitration between the injured employee and employer engaged in hazardous enterprise." Courts of final resort in other states have classified tribunals similar to our own, created for the purpose of determining the rights of claimants under the Workmen's Compensation Acts as administrative boards. Thus it was said by the Supreme Court of Utah, "The Industrial Commission is a mere administrative body and not a court of justice." (Parker v. Ind. Com. of Utah, 241 P. 362.) See, also, Mackin v. Detroit-Timpken Axle Co., 187 Mich. 8, 153 N. W. 49; Middleton v. Texas Power & Light Co. (Tex.) 185 S. W. 556; Borgnis v. Falk Co., 147 Wis. 327, 133 N. W. 209, 37 L. R. A. (N. S.) 489. Likewise the Supreme Court of the United States has approved this classification of boards similar to our State Industrial Commission. Crowell v. Benson, supra. It appears that the great weight of authority as well as the better reasoning supports the view that the State Industrial Commission is an administrative body exercising quasi judicial powers. Does it follow that a method of judicial review of the decisions of that board must be provided? Certainly such a review, especially on questions of law, is a wise and salutary provision of a legislative enactment clothing an administrative board with quasi judicial powers.

The underlying theory of our form of government involves the separation of the powers of government between the three departments, legislative, executive, and judicial, and contemplates that each shall act as a check upon each of the other departments. The vesting of quasi judicial powers in an administrative board without appropriate provision for a judicial review by a strictly judicial body would militate against the functioning of our government in accordance with this fundamental theory.

It may be safely stated as a general rule that the provisions of our Constitution require that the decisions of administrative boards, especially on questions of law, be subject to judicial review. 6 R. C. L. 455, para. 451; 12 C. J. 1241, para. 1018. See, also, State of North Dakota v. Watland, 201 N. W. 680. This rule, however, is subject to exceptions and qualifications which we deem it unnecessary to discuss in this

opinion, for the reason that provision is made in the Workmen's Compensation Act for a judicial review by means of an original proceeding in this court; unless the provision thus made is unreasonable and arbitrary and imposes such a penalty as a condition precedent to the pursuit of the remedy provided as to deprive the person desiring a judicial review of the right to avail himself of that privilege.

It is contended by the petitioner that the provision of the amendment provided by chapter 30, S. L. 1929, supra, requiring the execution of a bond, is an unreasonable restriction of its right to obtain a judicial review of an award in favor of the claimant. Our attention is especially directed to the case of State of North Dakota v. Watland, supra, wherein a provision providing for the payment of a penalty by one prosecuting an unsuccessful proceeding to vacate an award by the Industrial Commission was declared unconstitutional on the grounds suggested in this case, and in which case the North Dakota court relied upon the reasoning announced in the case of Ex parte Young, 209 U. S. 123, which case involved the right to obtain a judicial review of the legislative orders of a rate-making body, and in which case the Supreme Court of the United States said in part:

"If the law be such as to make the decision of the Legislature or of a commission conclusive as to the sufficiency of the rates, this court has held such a law to be unconstitutional. Chicago, etc., Railway Co. v. Minn., 134 U. S. 418. A law which indirectly accomplishes a like result by imposing such conditions upon the right to appeal for judicial relief as works an abandonment of the right rather than face the conditions upon which it is offered or may be obtained, is also unconstitutional. It may, therefore, be said that when the penalties for disobedience by fines so enormous and imprisonment so severe as to intimidate the company and its officers from resorting to the courts to test the validity of the legislation, the result is the same as if the law in terms prohibited the company from seeking judicial construction of laws which deeply affect its rights."

To the same effect is the case of Oklahoma Operating Co. v. Love, 252 U. S. 335 (case arising in this jurisdiction, but not mentioned by counsel).

The rules recognized in the cases mentioned are sound in principle, and eminence of the authority announcing them cannot be questioned. Applying them to the case at bar, do they nullify the legislative enactment un-

der consideration? The bond required is a condition precedent to an original proceeding in this court to review an award of the Industrial Commission. Tidal Oil Co. v. State Ind. Com., 140 Okla. 5, 282 P. 359; Blake v. Smock et al., 158 Okla. 205, 13 P. (2d) 113. Does such requirement amount to a penalty? We must bear in mind that the Workmen's Compensation Act, when reviewed as a whole, contemplates prompt payment of the compensation provided for in the act. Provision is made for an injured claimant to secure the payment of the compensation, and in the event one employer desires to carry his own risk, he may do so only on proper proof of financial ability. Section 13374, O. S. 1931. The review of an award by an original proceeding in this court of necessity requires some delay, due both to the procedure involved as well as to the congested condition of the docket in this court, even though the review is by law given preference over other cases. During this interval of time, insurance companies may fail or employers become insolvent. A bond in the nature of a supersedeas executed to secure the payment of the award sought to be reviewed is but an added protection to the claimant. Since those operating either as employers or insurance carriers are required by law to be financially able to respond for compensation awarded, it would necessarily follow that little difficulty will be encountered by them making a bond insuring the payment of an award for which the Commission has already held them liable. But if they were bordering on insolvency, the crying need of a bond is too apparent to permit of any question concerning the reasonableness of this requirement to obtain a judicial review.

To announce the rule that constitutional provisions prevent legislative enactment requiring supersedeas bonds as conditions precedent to obtain judicial review of decisions of administrative boards, would be an innovation in the law of this jurisdiction. No judicial decision announcing such a rule has been called to our attention.

The problem presented here is essentially different from the question arising in connection with an appeal from a judicial tribunal, since such appeals are usually creatures of statute, and in the absence of a constitutional provision to the contrary, they may be denied. In that case the decision of the inferior judicial tribunal fulfills the constitutional requirement of due process of law. However, where the Constitution provides for an appeal from a particular judicial tribunal without reference to a bond, and the Legislature undertakes by statutory enactment to require a bond as a condition to perfect such appeal, the question becomes identical with the one involved in the case at bar. An instructive case of this character arose in Nebraska. In that case, Hier v. Anheuser-Busch, 52 Neb. 144, 71 N. W. 1005, it was decided that, although the right of appeal was provided by constitutional provision which made no reference to a bond, the Legislature was authorized to regulate the manner of perfecting such appeal and to require as a prerequisite the execution of a bond. Obviously a constitutional requirement rendering necessary a judicial review of the decisions of an administrative board arises to no greater dignity than a specific constitutional provision providing for an appeal from a judicial tribunal, and if in the one instance the Legislature in regulating the manner of perfecting the appeal may require the execution of a bond, it necessarily follows that it has authority to make a similar requirement in the other instance. **We therefore hold that the Legislature may properly require a bond as a condition precedent to a judicial review of an award of the Industrial Commission, provided, of course, that the bond thus required is reasonable and does not assume the character of a penalty.**

The petitioner says that the bond required to be executed by the statute in question goes beyond the limits of reasonableness and that the statutory provision in question would require a bond conditioned to pay the award sought to be reviewed and any subsequent award that may be rendered in the same case at any future time. Counsel for the petitioner points to the fact that in case the bond in question was executed to secure a judicial review of the decision of the State Industrial Commission awarding **temporary total disability** only, and that two years later the sureties on that bond were adjudged to be liable for the payment of **permanent total disability**, if such is the proper construction of the terms of the statute and of the bond executed in compliance therewith, then, in order to obtain a review by this court of a small award for temporary total disability, it would be necessary to file a bond upon which there existed a future contingent liability of as much as $9,000, or even more. If the statutes under consideration were susceptible of this interpretation, grave doubts indeed would arise concerning the constitu-

tionality. Such requirement might well be said to be a penalty.

Such a bond would practically prohibit reviews in cases where claimant recovered a small amount. However, we do not agree that the statute imposes such future contingent liability upon the sureties on the bond. The statutory provision in question reads:

"* * * Provided, however, no proceeding to reverse, vacate, or modify any award or decision of the Commission wherein compensation has been awarded an injured employee shall be entertained; by the Supreme Court unless the secretary of the Commission shall take a written undertaking to the claimant executed on the part of the respondent or insurance carrier, or both, with one or more sureties to be approved by the secretary, to the effect that the appellant will pay the amount of the award rendered therein, or **on the further order of the Commission after the appeal shall have been decided by the Supreme Court.** Before the Clerk of the Supreme Court shall accept the action for filing a certificate from the secretary of the Commission shall be required, showing this provision has been complied with." (Chapter 30, 1929 Session Laws.)

The caption of the act refers to "Appeals to the Supreme Court" and designates the bond thereby required as an "appeal bond." This classification is perhaps subject to criticism, but the bond is in the nature of a supersedeas bond. The question then is, What awards are meant by the portion of the statute above emphasized. Does it contemplate that the sureties become liable for any and all awards that may be rendered in the future in connection with the same case, or does it refer only to such awards as may be made in order to comply with the mandate of this court when, and if, the award sought to be reviewed is affirmed in whole or in part? We think that the latter suggested interpretation is the proper one. Subsequent provisions of the same statute provide:

"Upon the final determination of said action in which the award or decision of the Commission is sought to be reviewed, the Commission shall make an order or decision in accordance with the judgment or decision of said court."

It is thus apparent that the statute regulating proceedings in this court contemplated that on review this court may modify or change an award or affirm the award in whole or in part, and that the Commission shall in all cases enter an order in accord-

ance with the decision of this court. The obvious purpose of the alternative provision in the statute first above quoted is to render the sureties liable for the amount of the particular award as affirmed by this court even though the same may be, modified. We must presume that if it had been the Legislature's intention to render the sureties liable for any and all future awards, appropriate language would have been incorporated in the statute to express clearly that meaning. Such language would probably have rendered the statutory provision concerning bonds unconstitutional, as we have previously pointed out, since such a provision would partake of the nature of a penalty. State of North Dakota v. Watland, supra. Assuming that the statute in question is susceptible of either of the two constructions suggested, we would be compelled to adopt the construction which avoids the penalty, for where a statute is susceptible of two constructions, one of which renders it valid and the other invalid, the construction rendering the law valid will be adopted. Ledegar v. Bockoven, 77 Okla. 58, 185 P. 1097. Likewise the construction of a statute which renders its constitutionality extremely doubtful will be avoided. Haskell v. Edmonds, 90 Okla. 44, 215 P. 629. We therefore conclude that the bond contemplated by the foregoing statute rendered the sureties thereon secondarily liable for the payment of the claimant's award sought to be reviewed in the proceedings in connection with which the bond was executed in the event such award was affirmed in whole or in part. We also hold that this requirement is not in conflict with constitutional provisions.

The bond drawn in question in this particular case was conditioned in the language of the statutes. As we have previously pointed out, the award sought to be reviewed at the time the bond was executed was a continuing award for temporary total disability. The total amount of the temporary total disability, as finally determined by the Commission, was paid by the insurance carrier, Federal Surety Company. The subsequent award for permanent total disability was not contemplated by the appeal bond on which the Union Indemnity Company was surety, and the liability could not properly be declared to be an obligation of the surety on that bond. The decision of the Commission holding liable the Union Indemnity Company as surety must be vacated unless the petitioner (surety on the bond)

has lost its right to disturb the same by improper procedure.

We have already observed that the order establishing the liability on the bond was finally entered on the 23rd day of March, 1932; that the motion to vacate this award was filed on the 21st day of April, 1932; that the order refusing to vacate was not entered until the 17th day of June, 1932, and that the present proceedings to review the decision of the Industrial Commission were instituted in this court on July 15, 1932. The claimant urges that the Industrial Commission had lost its jurisdiction to entertain the motion to vacate, and that the time for filing a proceeding to review in this court expired long prior to the time this proceeding was commenced. In reply to this contention the petitioner states that the 30 days period within which an original proceeding could be commenced in this court to review the order of March 23, 1932, never commenced to run, for the reason that a copy of the order of March 23rd was not mailed to the Union Indemnity Company, one of the parties affected thereby.

The power and authority of the Industrial Commission to modify its own previous orders is settled in this jurisdiction in the case of Oklahoma Pipe Co. v. State Ind. Com., 149 Okla. 162, 299 P. 180, wherein, after a careful investigation and examination of the authorities, it was decided that:

"The State Industrial Commission has no jurisdiction to vacate, modify, or change an award after the expiration of 30 days from the date of sending a copy of the award to the interested parties by the Commission."

In this case no copy of the award of March 23, 1932, was sent to the Union Indemnity Company. However, that company obtained actual knowledge of such order, and acting thereon recognized its existence and knowledge of the contents thereof by filing the motion to vacate. The obvious purpose of the statutory provision requiring that a copy of the order made must be mailed to the parties affected thereby is to advise them of the fact that an order has been made and the nature and effect thereof. In this case it may fairly be assumed, without the necessity of deciding, that the Union Indemnity Company, having obtained knowledge of the existence of the order and having advised .itself of the contents and effect thereof and having filed a motion to vacate the same, thereby waived the mailing of a copy of such order, and that the time within which to commence a proceeding in this court to review the order of March 23rd commenced

to run at the time the motion to vacate was filed and expired 30 days thereafter. But even with this construction it will be observed that the State Industrial Commission did not act upon the motion to vacate within the 30 days period, nor was the proceeding to review instituted in this court within that time. The filing of the motion to vacate did not operate to extend the time to institute proceedings for review. Knowles v. Whitehead Oil Co., 121 Okla. 55, 247 P. 653.

The application of these rules, defining and declaring the time within which an award may be vacated by the Industrial Commission and limiting the time within which proceedings may be instituted in this court to review the same, presupposes the existence of an order made within the jurisdiction of the Commission. But they have no application to an order which is wholly void upon its face for want of jurisdiction. If awards of the Industrial Commission are to have the force and effect of judgments in so far as they settle the rights and liabilities of parties affected thereby, they must of necessity be subject to the general rules testing and determining the validity of judgments of courts. A judgment or decision which is wholly void, being beyond the jurisdiction of the tribunal rendering it, and the invalidity of which affirmatively appears from the judgment roll, may be collaterally attacked or may be set aside upon motion of either party at any time. Title Guaranty & Surety Co. v. Foster, 84 Okla. 291, 203 P. 231; Pettis v. Johnston, 78 Okla. 277, 190 P. 681.

Let us see if the award against the Union Indemnity Company is valid. The three elements essential to a valid judgment: First, jurisdiction of the person; second, jurisdiction of the subject-matter; third, judicial power to render the particular judgment. Pettis v. Johnston, supra. The validity of the award of March 23, 1932, is questioned upon all three elements. Petitioners, however, concede in their brief that the want of jurisdiction of the person was not apparent upon the face of the record and that it was essential to introduce evidence extrinsic to the record to establish the want of jurisdiction in that respect. Since we are now determining whether the award rendered is valid upon the face of the proceedings, we will pass to a consideration of the jurisdiction of the Commission over the subject-matter of the controversy. It is asserted by the petitioner "that the order of March 23rd was and is void in so far as the peti-

tioner is concerned for the reason that the State Industrial Commission of the state of Oklahoma was and is without jurisdiction to render a judgment on an appeal bond filed with it under the provisions of section 7297, C. O. S. 1921, as amended." The petitioner asserts that the jurisdiction to determine liability on the bond in question is vested solely in the courts of the state. It is pointed out that the Industrial Commission is a board of limited jurisdiction, and the rule announced by the Utah court in the case of Parker v. Industrial Commission of Utah, supra, is invoked. Therein it was stated:

"The Industrial Commission is a mere administrative body and not a court of justice, and may exercise such powers only as are either expressly or by necessary implication conferred on it by statute."

In connection with the application of this rule that in no place do our statutory provisions specifically and in definite language confer upon the Industrial Commission the power to determine liability upon bonds like the one in question, it follows then that, assuming, as we do, the rule above quoted to be correct, the State Industrial Commission is without jurisdiction of the subject-matter of the controversy **unless the power is conferred upon that body by necessary implication.** In this connection it is interesting and instructive to observe that the same court (Utah) which announced the rule relied upon in this case had before it on a previous occasion a problem almost identical with the problem under consideration. The Workmen's Compensation Act of Utah, while making provision for the payment of compensation and creating an Industrial Commission for the purpose of administering the law, wholly failed to specifically confer upon the Industrial Commission the power to determine the liability of a self-insuring employer. Notwithstanding this omission in the law, the Commission of that state assumed jurisdiction to determine liability in that character of case, and its action in so doing was reviewed in the case of Utah Copper Co. v. Industrial Commission of Utah, 193 P. 24, 13 A. L. R. 1367. The Supreme Court of Utah decided that by necessary implication it was within the power of the Commission to determine the liability of a self-insurer. The force of the language used in that opinion impels us to quote therefrom at length:

"The appellant is what is known as a self-insurer. It is therefore insisted that the Commission has no jurisdiction to make an award against it as such self-insurer. It is argued in support of this contention that the Commission, being purely an administrative body, has only such power and authority as have been conferred upon it by express grant or as arise by implication as necessary and incidental to the full exercise of the powers expressly granted, and that courts will not, by construction, authorize the exercise of additional powers. It is doubtless true that courts cannot, by construction, legislate and give to the Commission powers not granted by the act, but it is equally well settled that the grant of a specific power in furtherance of the purpose of the Legislature, such purpose being apparent from the entire act, will authorize the use and exercise of such incidental powers as are necessary to accomplish the object sought by the legislation.

"The recent history of the enactment of the law in question justifies the court in saying that the recognized and known intent of the Legislature was to secure compensation to injured employees, or to their dependents in case of death, whether such injury or death resulted from the negligence of the employer or was purely accidental. Also, it was the intent to secure such compensation without delay and without the expense and annoyance of a suit at law. An administrative body, to wit, the Commission, was created primarily to enable injured employees, or dependents of such employees when death ensues, to obtain such relief without delay, and without having to resort to the uncertainties and expense of litigation. * * *

"While it may be true that no express provision is found in the act giving the Commission jurisdiction over self-insurers, the right to exercise such jurisdiction, in our judgment, is clearly implied as necessary and incident to the exercise of the other powers granted and compliance with the duty imposed by the other provisions of the act. To hold otherwise would be to run contrary to the entire spirit and purpose of the law. * * *

"Avoiding litigation is among the prime objects sought and intended to be accomplished by the enactment. The Commission was created largely for that very purpose. The privilege of permitting any employer to become a self-insurer was not given for the benefit of the employee, but, on the contrary, was given for the employer's benefit.

"To hold that the Commission is without authority to grant an award in the case of a self-insurer would, to a very large extent, defeat the very purpose sought to be accomplished by the enactment of the law. This the courts should not do unless no other result is consistent with the provisions of the entire act. By holding that the Commission has authority to award

compensation against a self-insurer, this court is creating no new agency, nor is it granting to such agency any power or authority not reasonably arising by necessary implication in the exercise of the power granted."

We approve the reasoning of the Utah court and regard it as applicable and persuasive in the case at bar. The contention of the petitioner, if sustained in this case, would compel the claimant, in order to recover on a bond, to file, an independent action in one of the courts of the state. If the award sought to be collected provided for a number of weekly payments, numerous actions might be necessary in order to collect the award. Appeals could be taken in each of the cases, to which appeals the statutory preference as to time of review in this court would not apply. The basic theory of centralized administration of matters in connection with the Workmen's Compensation Act and prompt payment of claims to injured workmen would and could be avoided. **We, therefore, hold that, taking into consideration the purpose and intent of the Workmen's Compensation Law, the power and jurisdiction to determine the extent of liability on the bond in question was by necessary implication vested in the State Industrial Commission, and that that body therefore had jurisdiction of the subject-matter.**

The petitioner claims that such a construction renders the act unconstitutional in that it deprives them of the right to a jury trial upon issues arising in an action on the bond. We deem it unnecessary to discuss at length this question. It is settled adversely to the contention made is the case of Adams v. Iten Biscuit Co. supra.

We deem the reasoning therein made just as applicable to a contractual liability arising out of an executed bond as it is to a contractual liability assumed under an insurance policy, which was under consideration at the time that decision was rendered.

We next address ourselves to a consideration of the power of the Commission to render the particular decision rendered. A judgment or decree that is merely irregular or erroneous by reason of an improper application of a rule of law is not void provided it is within the issues tendered to the court by the pleadings. Smith v. Finger, 15 Okla. 120, 79 P. 759; Strange v. Armstrong, 123 Okla. 216, 252 P. 1099. However, if the court or tribunal goes outside the issues presented by the pleadings and decides a matter not tendered by the pleadings, its decision on such issue is absolutely void. Standard Savings & L. Ass'n v. Anthony Wholesale Gro., 62 Okla. 242, 162 P. 451; Nero v. Brooks et al., 116 Okla. 279, 244 P. 588. What issues were tendered to the Industrial Commission by the pleadings upon which the order of March 23, 1932, was made? We have previously observed that an investigation of the motion of the claimant as appearing in the record discloses that the only request therein made was that the Commission determine the **permanent disability** of the claimant. Bearing in mind that before this motion had ever been filed, the Commission had adopted the view that the liability on the bond had ceased by payment of $2,600, and had entered an order to that effect, and bearing in mind the further fact that as a matter of substantive law no liability had been incurred by the sureties on the bond in question for permanent **total disability**, the question occurs to us with striking force: How could the Union Indemnity Company, had it known of the motion filed by the claimant, determine from an inspection thereof or of the files that an effort was about to be made to charge it with a liability not contemplated by the bond and not authorized by law? We hold that the decision rendered in this case was clearly outside issues tendered to the Commission by the pleadings as determined by an inspection of what may properly be termed the judgment roll, and is therefore void and could properly have been set aside by the Commission at any time. This being true, it follows that the State Industrial Commission erred when the matter was called to its attention in refusing to declare the previous order void in so far as it undertook to hold the Union Indemnity Company liable on the bond. The order of June 17, 1932, refusing to vacate the order of March 23, 1932, in so far as the same affects the Union Indemnity Company, is therefore vacated, and the Industrial Commission is directed to enter an order declaring the order of March 23, 1932, void, and the Commission will be prohibited from doing any act necessary to collect same.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, McNEILL, OSBORN, and BAYLESS, JJ., concur. ANDREWS and WELCH, JJ., absent.

### On Rehearing.

SWINDALL, J. On the 19th day of September, 1933, this court filed its opinion, de-

livered by Mr. Justice Busby, in the above-styled cause. This opinion is supplemental to the original and is entered for the purpose of clarifying an issue raised by the petition for rehearing. We will state only such facts as are necessary to the present treatment.

It appears that petitioner, Union Indemnity Company, was surety on a supersedeas bond used by employer and insurance carrier for the purpose of obtaining a review of an award of the State Industrial Commission in favor of Monroe Saling, claimant before the Commission, for temporary total disability, and executed and conditioned as required by section 13363, O. S. 1931. The award was affirmed by this court, and thereafter the Commission discharged the surety, Union Indemnity Company. About a year later, on motion of claimant, the Commission made an award to him for permanent total disability. At the same time it made an order against the Union Indemnity Company binding it to pay the sums due claimant on account of his permanent total disability to the extent of the maximum set in the bond. This order was entered on March 23, 1932. No pleading sought the order, the Union Indemnity Company was not notified of the hearing, and no copy of the order was sent to it. On April 21, 1932, petitioner filed a motion before the Commission to vacate this order. On June 17, 1932, the Commission entered its order overruling the motion. The present proceeding to review was instituted in this court on July 15, 1932.

In the cases of Sandoma Petroleum Co. v. Tow, 90 Okla. 276, 217 P. 412, Knowles v. Whitehead Oil Co., 121 Okla. 55, 247 P. 653, and Oklahoma Pipe Line Co. v. State Industrial Commission, 149 Okla. 162, 299 P. 180, this court held that a petition to review must be filed in this court within 30 days after notice of an award has been sent to the parties affected, and that the time cannot be extended by filing a petition to rehear before the Commission. The original opinion in this case holds, and we think correctly, that the purpose of the law is to advise the parties affected by an award of the fact that it has been made and of the nature and effect thereof, and that, therefore, when the motion to vacate the award of March 23, 1932, was filed in the present case on April 21, 1932, the purposes of the notice were served and the time began to run. The original opinion further holds that the award of March 23, 1932, was in excess of the Commission's jurisdiction, and void, and that the "rules defining and

declaring the time within which an award may be vacated by the Industrial Commission and limiting the time within which proceedings may be instituted in this court to review the same, * * * have no application to an order which is wholly void. * * *" It passes upon the validity of the Commission's award without more clearly showing how this court obtained jurisdiction. Respondent contends, in effect, that if the 30 days' time within which to file a petition for review began to run on April 21, 1932, and the motion then filed to vacate did not have the effect of extending the time, no proceeding was instituted in this court within the time required to give this court jurisdiction of the cause, whether the award was void or not. This is the point which we think needs clarification.

It will be noted that the petition to review was instituted within 30 days after the Commission entered its order overruling petitioner's motion to vacate. If that motion was an authorized and proper proceeding before the Commission for the purpose of striking and setting aside its award of March 23, 1932, then it was itself, together with the issues raised therein, subject to review in this court. It is apparent from the cases cited above that therein the Commission passed upon and adjudicated the issues sought to be reviewed. When the Commission has done so, its award, under those decisions, becomes final unless review is commenced within the 30-day period, and no proceeding is provided for in the Workmen's Compensation Law whereby such time may be extended. However, these decisions must be taken in connection with the decisions of this court construing section 13391, O. S. 1931, dealing with the continuing jurisdiction of the Commission.

In the cases of Sun Coal Co. v. State Industrial Commission, 84 Okla. 164, 203 P. 1042, and United States Fidelity & Casualty Co. v. Harrison, 125 Okla. 90, 256 P. 752, this court held that where an award is made for one injury, a further award can be made for an independent injury arising out of the same accident without a change in conditions. The same authority exists where the Commission makes an award for temporary disability and later determines permanent disability. Thompson v. State Industrial Commission, 138 Okla. 166, 280 P. 597; Geis Price Grain Co. v. Bailey, 155 Okla. 302, 9 P. (2d) 424. In Southern Drilling Co. v. Daley, 166 Okla. 33, 25 P. (2d) 1082, we showed that physical condition

is finally adjudicated only so far as it is then subject to adjudication.

From these cases it is apparent that the State Industrial Commission is invested with jurisdiction of a cause before it continuing so long as an issue relevant thereto remains to be adjudicated, but when an issue is adjudicated, that particular matter, and that only, together with all matters necessarily adjudicated thereby, becomes final following the 30-day period provided in the act, and thereafter the Commission is without jurisdiction to change its holding on that issue.

The foregoing cases, however, deal with causes within the jurisdiction of the Commission and action unquestionably authorized. In Tulsa Terminal, Storage & Transfer Co. v. Thomas, 162 Okla. 5, 18 P. (2d) 891, and Rorabaugh-Brown Dry Goods Co. v. Matthews, 162 Okla. 283, 20 P. (2d) 141, the court passed upon the question where the Commission was without authority to make its first award. It was held that certain jurisdictional facts, to wit, those required by the act to bring the cause thereunder, must be asserted and not denied or proved and found, and such must appear, before the Commission, a body of limited jurisdiction, acquires the power to act finally; that, in the absence of a specific adjudication of these jurisdictional facts, the Commission is not authorized to enter a final award. It was further held that this issue of jurisdiction could be raised before the Commission at any time unless such issue had been previously adjudicated. Thus, we are of the opinion that the Commission may, by virtue of its continuing jurisdiction, at any time entertain a proceeding attacking its jurisdiction. If the jurisdictional question was subject to be and was adjudicated formerly, then the Commission upon determining those issues must dismiss the proceeding; if it was not formerly adjudicated, the Commission must pass upon it. Some matters of law or fact may be so clearly beyond the jurisdiction of the Commission that it has not even the power to adjudicate the question, or certain action may be so clearly unauthorized that any step in that direction is without legal sanction. In such a case as this, if the Commission has taken such action, we think it is authorized to entertain a proceeding to set aside and vacate the same, on the ground that it was without power to adjudicate the issue over which it asserted authority, and that therefore its adjudication cannot become final. No proceeding to review need be commenced within 30 days, the lack of jurisdiction may be asserted at any time, and the order made thereon is subject to review in this court.

In the case at bar we observe that the order entered by the Commission may be void upon several grounds, but do not feel it necessary to go beyond the ground specified in the original opinion. The order was without authority and void, the Commission was authorized to entertain a proceeding to vacate it at any time, and its determination thereon is reviewable in this court. We, therefore, hold that the original opinion, as supplemented hereby, is correct, and the petition for rehearing should be and is denied.

RILEY, C. J., CULLISON, V. C. J., and ANDREWS, McNEILL, OSBORN, and BUSBY, JJ., concur. BAYLESS and WELCH, JJ., absent.