## HOME INDEMNITY COMPANY OF NEW YORK v. MATKIN et al.

No. 25847.    Oct. 29, 1935.

Pierce, Follens & Rucker, for petitioner.

Hayes, Richardson, Shartel, Gilliland & Jordan, for respondents.

PHELPS, J. On June 5, 1931, the State Industrial Commission entered an award under the Workmen's Compensation Act in favor of an injured employee, B. M. Matkin, and against the employer, Patrick & Tillman, and insurance carrier, Southern Surety Company. The Southern Surety Company and Patrick & Tillman then instituted an original proceeding in this court to review said award, and, as required by section 13363, O. S. 1931, as a condition precedent to the filing of said proceeding, executed a supersedeas bond wherein the Southern Surety Company was principal and the Home Indemnity Company of New York was surety. This court vacated the award and remanded the cause to the commission, refusing to affirm any part thereof, on account of an error in the admission of incompetent evidence. Patrick & Tillman et al. v. Matkin et al., 154 Okla. 232, 7 P. (2d) 414.

Thereafter, upon notice to Patrick & Tillman, employer, and to Southern Surety Company, insurance carrier, but without notice to the Home Indemnity Company of New York, ex-surety, the State Industrial Commission again set the cause for hearing, at which new and additional evidence was taken, and upon which, on March 3, 1932, the Commission made another award. Both awards were for permanent partial disability. The first award, which was vacated by this court, was based on compensation at the rate of $12 per week, and the present award is for a larger sum and is based on compensation at $17.31 per week.

The insurance carrier, Southern Surety Company, then became insolvent and failed to pay any part of the present award. The employer, Patrick & Tillman, paid the claimant the weekly compensation until November 2, 1933, when the commission approved a final settlement between Patrick & Tillman, the employer, and Matkin, the claimant, whereunder the former paid Matkin $3,000, less sums formerly paid. The order approving said final settlement was based upon the joint petition of the employer and claimant. The Home Indemnity Company of New York was not made a party to that proceeding, unless by virtue of having signed the supersedeas bond in the former appeal it was already a party, and it was not represented at the hearing.

The injured employee (claimant), who had just been paid his compensation by the employer, "assigned" said claim to the employer, and the commission, in its aforementioned order of November 2, 1933, approving the final settlement, incorporated the following paragraph:

"It is further ordered by the commission that jurisdiction to emerse (sic) the appeal bond executed herein by the Home Indemnity Company of N. Y., as surety, and determine the liability upon said bond be and the same is hereby reserved: and it is further ordered that this joint petition settlement and this order thereon shall not

in any way affect the liability of the Southern Surety Co. (insolvent) to the respondent herein for the payment made hereunder, or the liability of the said surety on said bond."

Counsel contend that the injured employee could not legally assign the claim to his employer, but it is unnecessary to consider that contention.

Thereafter, upon motion by Patrick & Tillman, the commission rendered its order directing the Home Indemnity Company of New York to repay Patrick & Tillman the $3,000 which the latter had paid the claimant in settlement of the commission's second award.

The Home Indemnity Company of New York has instituted this original action to review said order requiring it to pay the $3,000 to the employer. Several propositions are urged, but it is necessary to consider only one of them, to the effect that said order is contrary to law.

The petitioner was not the employer's insurance carrier, but was the surety, only, on the supersedeas bond filed by said insurance carrier and employer in the first action, in which the award was vacated and the cause remanded to the commission, with exactly the same effect as if judgment for plaintiff had been reversed and remanded to a district court for new trial. The defect for which the cause was remanded was error in the admission of incompetent evidence, an error not concerned merely with computation of the amount of compensation to which claimant was entitled, or any kindred subsidiary issue, but concerned directly with the question of liability itself. When this court refused to affirm any part of the award, but, on the contrary, wholly vacated it, the supersedeas bond had then served its purpose and the surety thereby became discharged. Such was the holding of this court in Union Indemnity Co. v. Saling, 166 Okla. 133, 26 P. (2d) 217. In that case the award "appealed from" had been affirmed and the claimant was afterward paid, by the insurance carrier, the award being for temporary total disability. Subsequently it was sought to hold the surety secondarily liable for a later award, of permanent total disability, and we held that the surety was not liable on such later award, the supersedeas bond relating to the particular appeal and no other. The fact that in that case the first award was for temporary total disability and the second for permanent total disability, while in this case both the first and second awards were for

permanent partial disability, makes no difference. It was there held, in substance, that if the award appealed from was either affirmed and then paid, or was vacated by this court in its entirety, the surety was discharged.

The provisions and effect of a supersedeas bond for the obtaining of a review in this court of an award of the State Industrial Commission are governed by section 13363, O. S. 1931, requiring that the bond be conditioned that the appellant will pay the amount of the award rendered therein, "or on the further order of the commission after the appeal shall have been decided by the Supreme Court." The portion of the statute quoted in the preceding sentence was thoroughly considered in the Union Indemnity Company Case, supra, in which it was pointed out that we were faced with the choice of declaring it unconstitutional or construing it to mean that the surety is liable only for the amount of the particular award appealed from, upon its affirmance in whole or in part. We there said:

"What awards are meant by the portion of the statute above emphasized? Does it contemplate that the sureties become liable for any and all awards that may be rendered in the future in connection with the same case, or does it refer only to such awards as may be made in order to comply with the mandate of this court when, and if, the award sought to be reviewed is affirmed in whole or in part? We think that the latter suggested interpretation is the proper one. * * * The obvious purpose of the alternative provision * * * is to render the sureties liable for the amount of the particular award as affirmed by this court even though the same may be modified. We must presume that if it had been the Legislature's intention to render the sureties liable for any and all future awards, appropriate language would have been incorporated in the statute to express clearly that meaning. Such language would probably have rendered the statutory provision concerning bonds unconstitutional, as we have previously pointed out, since such a provision would partake of the nature of a penalty. State of North Dakota v. Watland, supra. Assuming that the statute in question is susceptible of either of the two constructions suggested, we would be compelled to adopt the construction which avoids the penalty, for where a statute is susceptible of two constructions, one of which renders it valid and the other invalid, the construction rendering the law valid will be adopted."

The decision in that case discusses the

question at great length, and it is unnecessary to quote further therefrom. We adhere thereto. It follows that the State Industrial Commission was without authority of law to enter the order which is the subject of this action. Accordingly, the order is hereby vacated.

McNEILL, C. J., and OSBORN, BAYLESS, and CORN, JJ., concur.