## Commonwealth, to use, v. Turner, Executrix, et al.

*Floyd W. Tompkins,* for plaintiff.
*Frederick H. Spotts,* for defendant surety company.

McDEVITT, P. J., and KUN, J., July 29, 1940.—This is an action in assumpsit upon an official bond executed by John J. Turner, now deceased, a notary public, as principal, and the United States Fidelity & Guaranty Company as his surety, conditioned upon the faithful per-

formance by Turner of his duties as a notary public. The interest of the notary is represented on the record by his executrix. The suit is to recover $2,000 which the use-plaintiff paid to the notary for a forged mortgage to which he had fraudulently affixed his notarial seal and certification that it had been duly acknowledged, when he knew that it had been forged and had not been acknowledged. Judgment had been previously entered in favor of plaintiffs against the executrix for want of an affidavit of defense.

At the trial against the surety, plaintiff offered, as evidence of the notary's dereliction in breach of the condition of the official bond, the judgment which had been entered against the notary. It was also stipulated by counsel that the statement of claim filed against the surety was the same as that filed against the notary, and that demand upon the surety had been made at a date which was long in advance of the entry of the judgment. The surety offered no evidence whatsoever, and merely presented a point for a directed verdict. Plaintiff also presented a point for a directed verdict, which was granted. The surety filed motions for judgment non obstante veredicto and for a new trial.

The fraud of the notary was obviously a faithless performance of his official duties, and was therefore a breach of the condition of his bond, rendering him and his surety liable upon the bond to the use-plaintiff: Commonwealth, to use, v. Barrett, 6 W. N. C. 385; Commonwealth ex rel. v. Collar et al., 15 Dist. R. 317. It has been many times held in other States upon identical facts that the surety upon a notary's official bond is liable to one who has been so defrauded by the notary: Hemet Home Builders Assn. v. Wells et al., 3 Cal. App. (2d) 65, 39 P. (2d) 233 (1934) ; Lacour et al. v. National Surety Co. of N. Y., 147 La. 586, 85 So. 600 (1920) ; Harz v. Gowland et al., 126 La. 674, 52 So. 986 (1910) ; State of Missouri ex rel. v. American Surety Co. of N. Y., 210 Mo. App. 203, 254 S. W. 561.

The principal reason assigned by defendant surety in support of its motion for judgment n. o. v. rests upon the admission into evidence of the judgment against the notary. The surety argues that the judgment was not "conclusive" against the surety and that, therefore, judgment should have been directed in favor of it, rather than in favor of plaintiff. The contention is without merit. The surety has sought to raise an issue not actually in the case. Whether the judgment against the notary, the principal on the bond, was "conclusive" against the surety need not be decided in these proceedings. The only inquiry necessary is whether the judgment was of prima facie evidentiary effect against the surety. The trial judge at no place in his charge used the word "conclusive", and it was not treated as such; otherwise the surety would not have had the opportunity to defend. The court merely stated to the jury that the record was devoid of any evidence on behalf of the surety, and that therefore the verdict should be for plaintiff. So far as this case is concerned, we need hold only that the judgment against the principal was prima facie proof against the surety, although our Supreme Court has held that such a judgment is conclusive against the surety: Commonwealth, to use, v. Fidelity & Deposit Company of Maryland, 224 Pa. 95 (1909). It has also been held that a judgment against the official or principal is not only conclusive against his surety as to the misconduct or neglect of duty on the officer's part, but likewise as to the amount of damages sustained by the use-plaintiff: Evans v. The Commonwealth, 8 Watts 398, 399.

The Supreme Court has applied the same rule to a default judgment in the case of McMicken et al. v. The Commonwealth, 58 Pa. 213 (1868). There it was pointed out at page 220 that the judgment against the principal, a sheriff, was entered for want of an appearance, and the court gave to it a conclusive effect against the surety, in language almost identical with that used in the Fidelity & Deposit Company case.

Defendant surety has cited no decision in this Comwealth contrary to the rulings in the cases cited and others like them, but relies on several decisions from other jurisdictions. Insofar as these are at variance with the authorities of our own Supreme Court, they must, of course, be disregarded by us. A critical examination of them, however, shows that they go no further than to hold that a judgment upon a bond against a principal is not conclusive against the surety. None of them holds that such a judgment is without prima facie effect, and as we have stated, all that we need decide here is that the judgment against the principal is prima facie proof against the surety. The law in this State and elsewhere on this point is well summarized in the opinion in Home Insurance Co. of N. Y. v. Savage et al., 231 Mo. App. 569, 572, 103 S. W. (2d) 900, as follows:

"When plaintiff sued the principal and his sureties in this action, and the principal defaulted, the judgment rendered against the principal was admissible in evidence against the sureties to establish the default and fix the measure of damages; and such record judgment is *prima facie* proof thereof. [Vulcan Steam Shovel Co. v. Cobb, 199 S. W. 448, l. c. 450; Calhoun v. Gray et al., 150 Mo. App. 591, l. c. 597; Stoops v. Wittler, Admr., 1 Mo. App. 420, l. c. 424; United States, to the Use of Fidelity Nat. Bank, v. Rundle, 107 Fed. 227, l. c. 230; 21 R. C. L. 1088, 1089; 50 C. J. 199.] *Many authorities hold that a judgment against the principal*, obtained under circumstances identical with those here, absent fraud, collusion or clerical error in its entry, *is conclusive on the sureties.* We need not discuss that proposition here. *We have found no case holding that such a judgment is not admissible as prima facie proof.* Here defendants offered no evidence in rebuttal on the question of the principal's liability. The only evidence offered was that having as its purpose the proof that the signatures of the sureties were forged and were not genuine. The

proof offered by plaintiff was sufficient when it went unchallenged." (Italics supplied.)

This rule is eminently proper and its application here is just. The surety was informed of the suit more than a year prior to the date of the judgment and enjoyed during that period the right to enter a defense for its principal. See Hunter v. Reilly, 36 Pa. 509 (1860), Urich v. Zern, 2 Dist. R. 55 (1892), 4 Standard Pennsylvania Practice, p. 31, sec. 11, and Brandt on Suretyship & Guaranty (2d ed.), p. 375, sec. 250. It should not be permitted to sit back idly and compel plaintiff to relitigate the same issue in its entirety. A judgment against plaintiff would have barred a suit against the surety; the judgment in favor of the surety should be at least of evidentiary value against the surety, and we so hold.

Defendant's remaining objections require no extended discussion. In the first place, the contention that the actions against the principal and the surety differed has no merit. The identical statement of claim was filed against both. The actions against both were on the same bond and were brought in assumpsit. No attempt was made to recover from the principal, the notary, in trespass.

Some time after argument was had on its motions, the surety for the first time complained of the impropriety of the original judgment, on the ground that the principal on the bond was under no duty to file an affidavit of .defense. That, it seems to us, is right in the teeth of the Practice Act of May 14, 1915, P. L. 483, sec. 17, 12 PS §735, which provides:

"In actions of assumpsit the prothonotary may enter judgment for want of an affidavit of defense . . .".

The cases defendant cites, such as Commonwealth, to use, v. Hoffman, 74 Pa. 105 (1873), and Borlin, Sheriff, et al. v. Commonwealth ex rel., 99 Pa. 42 (1881), were decided prior to the Practice Act of 1915, supra, and, indeed, prior to the Act of May 25, 1887, P. L. 271, and

under local rules of court which did not require affidavits of defense in actions brought upon collateral obligations. The Act of 1887, supra, in section 5, retained this old practice by providing that judgment might be moved for want of an affidavit of defense "in accordance with the *present practice* in actions of debt and assumpsit." There is no sound basis for holding that defendants in actions upon penal or surety bonds need not, in this day, file an affidavit of defense. Such affidavits are regularly filed and, as the appellate courts have held, even before the present Practice Act, are required: Commonwealth, to use, v. Allen, 254 Pa. 474 (1916) ; Commonwealth ex rel. v. Yeisley et al., 6 Pa. Superior Ct. 273 (1898). The opinion in Commonwealth, to use, v. Milnor, 23 Pa. Superior Ct. 1 (1903), is not to the contrary, for it expressly affirmed the Yeisley decision, and furthermore was prior to the Act of 1915. Moreover, this point, if it had any merit, could be completely ignored since no action has been taken to open the judgment. It was entered in another court, and even if it had been improperly entered it cannot be attacked collaterally here. See Limber's Estate, 284 Pa. 346, 348 (1925) ; Cierlinski v. Rys, 225 Pa. 312 (1909) ; Stewart, Executrix, v. Oatman, 11 Dist. R. 635 (1902) ; Wheatland Grain & Lumber Co. et al. v. Downing et al., 68 Okla. 293, 173 Pac. 956 (1937).

Finally, the surety assigns as the only reason in support of its motion for a new trial the amount of the verdict in favor of the Commonwealth plaintiff, insofar as it exceeds the principal amount of the bond. However, the authority in this State is uniform that a surety is liable for interest in excess of the amount of its bonds: Pennsylvania Co., etc., v. Swain, 189 Pa. 626 (1899) ; Boyd v. Boyd, 1 Watts 365 (1833) ; New York Life Ins. Co. v. Seckel et al., 8 Phila. 92 (1871) ; Commonwealth ex rel. v. Lynd et al., 9 W. N. C. 510 (1880). It is only by the amount of the interest that the judgment in favor of the Commonwealth exceeds the amount of the bond, and that was proper.

Plaintiff stated a good cause of action in assumpsit against defendant notary and his surety upon the official bond filed by them. The judgment for want of an affidavit of defense was properly taken against the principal defendant, and the evidentiary effect of this judgment was in no manner rebutted by the surety. With this prima facie proof unrebutted, the verdict was properly directed and in the correct amount in favor of plaintiff and against the surety at the trial of the cause.

The motions of defendant surety for judgment n. o. v. and for a new trial were properly overruled.